United States Court of Appeals,

Fifth Circuit.

Nos. 93-5601, 93-8805

Summary Calendar.

Maurice H. SOCHIA and Beatrice M. Sochia, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Maurice H. SOCHIA and Beatrice M. Sochia, Plaintiffs-Appellants,

v.

UNITED STATES of America, et al., Defendants-Appellees.

June 24, 1994.

Appeal from the Decision of the United States Tax Court.

Appeal from the United States District Court for the Western District of Texas.

Before POLITZ, Chief Judge, JOLLY and DUHÉ, Circuit Judges.

POLITZ, Chief Judge:

These two appeals are consolidated for today's disposition. In docket number 93-5601, Maurice H. and Beatrice M. Sochia appeal the decision of the tax court dismissing their action and affirming the Commissioner's determination of a tax deficiency and additions thereto. In docket number 93-8805 the Sochias appeal the summary judgment dismissal by the district court of their action seeking a refund of a $500 penalty imposed for filing a frivolous tax return. For the reasons assigned we affirm the Tax Court and district court in the actions appealed, and impose sanctions for these patently frivolous appeals.

1

*Background*

On their 1989 federal income tax return the Sochias supplied only their names and those of their dependent children, address, signatures, and amount of federal tax withheld. They failed to provide any information about their income and expenses. Instead, they inserted the phrase "Object—5th Amend" on each line of the Form 1040 that called for specific financial information. The Internal Revenue Service assessed taxes at $16,013, imposed $2,793 and $720 as additions to the tax for failure to file a return and for failure to pay estimated taxes respectively, and penalized the Sochias $500 under 26 U.S.C. § 6702 for the filing of a frivolous return.

The Sochias filed suit in the Tax Court seeking a redetermination of the federal income tax deficiency and additions to tax determined by the Commissioner. After the Sochias refused to follow the court's order directing an amendment of their pleadings, the Tax Court dismissed for failure to state a claim upon which relief could be granted and sustained the Commissioner's determination of the deficiency and additions thereto. The Sochias timely appealed.

The Sochias also filed a complaint seeking the refund of a $500 penalty assessed against them for filing a frivolous tax return for 1989.[1] The IRS moved for summary judgment; the

---

[1]The Sochias' federal court action sought the following:

>    (1) a statement from defendants that there is such a thing as a "Fifth Amendment Right";

magistrate judge recommended granting the summary judgment.  Over the objections of the Sochias the district court adopted that recommendation.  The Sochias timely appealed.  We consolidated the two appeals.

*Analysis*

A. *Tax deficiency and additions to tax*

Relying upon the Federalist Papers and invoking natural law, the Sochias allege in their *pro se* petition to the Tax Court that a " "Fifth Amendment Return' is a valid, legal, legitimate, proper, and correct tax return," that they had filed the "Fifth Amendment Return" in good faith, that the Commissioner wrongfully ignored

(2) a statement from defendants that there is such a thing as a "Fifth Amendment Return";

(3) a statement from defendants that a "Fifth Amendment Return" is not a frivolous return because a "Fifth Amendment Return" must be examined and analyzed under standard Constitutional law and not Tax law;

(4) a statement from defendants that the "Fifth Amendment Right" may be invoked by both the guilty individual and the innocent individual;

(5) a statement claiming that the United States Constitution is still the Supreme Law of the Land;

(6) a statement that a person claiming the "Fifth Amendment Right" does not need to demonstrate how a particular question could incriminate that person;

(7) a statement that statutory and administrative law must not violate the Constitution;

(8) a permanent injunction;

(9) actual, special, and punitive damages;  and

(10) costs.

3

their "Fifth Amendment Return" and issued notice of deficiency in violation of their due process rights, and that "being State Citizens of the sovereign State of Texas, they were not subjected to the jurisdiction of the Internal Revenue Code produced by the United States Congress, and therefore, ... could not legally report on Form 1040 ... what the Commissioner had alleged is "Income'." The Commissioner moved to dismiss the petition for failure to state a claim upon which relief can be granted under Rule 34(b)(4) of the Rules of Practice and Procedure of the United States Tax Court for failure to set forth justiciable allegations of error and, under Rule 34(b)(5) for failure to allege any facts in support of such allegations. The Tax Court ordered the Sochias to file an amended petition setting forth with specificity each claimed error of the Commissioner and a specification of the facts upon which they based each claim of error. The Sochias, however, responded to the court order contending that the facts set forth in their petition were sufficient to satisfy the Tax Court's rules and they reiterated the contentions set forth in their petition.

The Tax Court held a hearing on the Commissioner's motion to dismiss; the Sochias opted not to attend. Following the hearing the Tax Court issued an order of dismissal and decision affirming the Commissioner's assessment of deficiency and additions to tax. The Tax Court concluded that the Sochias failed to allege any justiciable error in the determinations upon which the notice of deficiency was based or any facts tending to support any such error. We agree. Deficiency determinations of the Commissioner

4

enjoy a presumption of correctness;  the burden of proof rests upon the taxpayer to demonstrate error.[2]  The pleadings by the Sochias clearly fail to satisfy the requirements of Tax Court Rule 34(b). The remaining issues raised by the Sochias on appeal from the Tax Court decision totally lack merit and require no comment.  That decision is affirmed in all respects.

B. *Frivolous filing penalty*

The Commissioner assessed a $500 frivolous return penalty under 26 U.S.C. § 6702 for the filing of the 1989 tax return.  The Sochias filed a *pro se* complaint seeking a refund, claiming that in declaring their return frivolous the Commissioner violated their fifth amendment rights.  Under section 6702, the IRS may impose a $500 penalty on any individual filing what purports to be a tax return when the filing (1) does not contain information on which the substantial correctness of the self-assessment may be judged, and (2) is based on a frivolous position.[3]  We have upheld penalty assessments for "protest returns" filed with blanket fifth amendment objections.[4]  Further, the Sochias' challenge to the validity of the sixteenth amendment has been rejected repeatedly by the courts.[5]  We now uphold the penalty assessed under section

_____

[2]*Sandvall v. C.I.R.,* 898 F.2d 455 (5th Cir.1990).

[3]*Mosher v. I.R.S.,* 775 F.2d 1292 (5th Cir.1985), *cert. denied,* 475 U.S. 1123, 106 S.Ct. 1645, 90 L.Ed.2d 189 (1986).

[4]*See Parker v. C.I.R.,* 724 F.2d 469 (5th Cir.1984) (penalty under 26 U.S.C. § 6653(a)).

[5]*See Knoblauch v. C.I.R.,* 749 F.2d 200 (1984), *cert. denied,* 474 U.S. 830, 106 S.Ct. 95, 88 L.Ed.2d 78 (1985) (noting that every court that has considered this argument has rejected it).

6702.[6]

As the income tax form as filed is frivolous within the meaning of section 6702, the IRS lawfully assessed a $500 penalty. Accordingly, the district court properly granted summary judgment in favor of the government.

C. *Sanctions*

The government seeks sanctions for frivolous appeals, underscoring the waste of time and effort by the judicial officers and support personnel and by staff and counsel for the government in response to these appeals. We find the government's argument persuasive. More than a decade ago,[7] we repeated a warning given three years before[8] that frivolous challenges to the sixteenth amendment and income tax legislation and regulations would result in the imposition of the full range of sanctions provided by Rule 38 of the Federal Rules of Appellate Procedure. Apparently our caution has gone unheeded. Sanctions are warranted herein. We therefore impose upon Maurice H. Sochia and Beatrice M. Sochia double costs in these appeals plus the sum of $500 in damages in each appeal, this total of $1000 being payable to the Treasury of the United States.

The judgments challenged in these consolidated appeals are AFFIRMED in all respects.

---

[6]*See Miller v. United States,* 868 F.2d 236 (7th Cir.1989).

[7]*Parker v. C.I.R.*

[8]*Lonsdale v. C.I.R.,* 661 F.2d 71 (5th Cir.1981).