T.C. Memo. 1995-475


UNITED STATES TAX COURT


MAURICE H. SOCHIA AND BEATRICE M. SOCHIA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26675-93.                    Filed October 4, 1995.


Maurice H. Sochia and Beatrice M. Sochia, pro sese.

T. Richard Sealy III, for respondent.



MEMORANDUM OPINION

KÖRNER, Judge: Respondent determined deficiencies in and
additions to petitioners' Federal income taxes for the years and
in the amounts as follows:

| | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| --- | --- | --- | --- |
| 1990 | $21,079 | $4,638 | $1,204 |
| 1991 | 13,798 | 3,450 | 790 |

All statutory references are to the Internal Revenue Code
in effect for the years in issue, and all Rule references are to

the Tax Court Rules of Practice and Procedure, except as otherwise noted.

In the petition as originally filed herein, petitioners alleged that they were residents and citizens of Texas and were not subject to United States taxes; that they filed "Fifth Amendment" returns of income and were justified in doing so; that the U.S. tax system is voluntary and petitioners have not elected to file returns thereunder; that petitioners do not understand the legal requirements of filing income tax returns; and petitioners further alleged certain amounts with respect to their gross receipts, adjustments to gross receipts, deductions, and exemptions for the years 1990 and 1991. Finally, petitioners alleged respondent owes them the total of $8,345 for both years.

Respondent filed a motion to dismiss herein for failure to state a claim. The Court ordered a new petition, with specific errors of respondent alleged therein, and specific allegations of facts, and the grounds, which petitioners rely upon. Petitioners replied to respondent's motion to dismiss, asserting generally the same protester claims as in the petition, and adding a few others, including allegations that the Federal Government was engaged in "plundering" petitioners.

After a hearing by the Court, all petitioners' lengthy protester rhetoric was ordered stricken by the Court, except for paragraph 2 of petitioners' response to respondent's motion which

was ordered to be filed as an amended petition on February 10, 1994.

Said paragraph 2 contained allegations by petitioners as to their gross receipts, gross income, adjustments to income, deductions, exemptions, and net taxable income for 1990 and 1991, respectively.

Respondent filed an answer denying all material parts of the amended petition, and the case was at issue on April 11, 1994.

Thereafter, on September 6, 1994, petitioners filed a motion for summary judgment in which petitioners repeated again the tax protester rhetoric that had been struck from the first petition, e.g., (a) that respondent's statutory notice was defective as a matter of law; (b) that respondent had no jurisdiction to determine deficiencies against petitioners; and (c) whether respondent could convert "a voluntary noncompulsory tax system as enacted by Congress" into a "nonvoluntary compulsory tax system".

The Court answered the contentions of petitioners in an order dated September 14, 1994, in which, after summarizing petitioners' contentions, the Court denied the motion for summary judgment by petitioners, and quoted Lonsdale v. Commissioner, 661 F.2d 71, 72 (5th Cir. 1981), affg. T.C. Memo. 1981-122, which said:

> Appellant's contentions are stale ones, long settled against them. As such, they are frivolous. Bending over backwards, in indulgence of appellant's pro se status, we today forbear the sanctions of * * * [damages for frivolous appeals]. We publish this

opinion as notice to future litigants that the continued advancing of these long-defunct arguments invites such sanctions, however.

Undeterred, on September 30, 1994, petitioners moved for reconsideration of the Court's order dated September 14, 1994, advancing many of the same arguments theretofore rejected, in a document of some 22 pages.  It was denied.

On June 24, 1994, prior to petitioners' motion for summary judgment, the order in connection therewith, petitioners' motion for reconsideration thereof, and prior to trial herein (on November 29, 1994), the United States Court of Appeals for the Fifth Circuit affirmed this Court in petitioners' tax case involving the year 1989, reported at Sochia v. Commissioner, 23 F.3d 941.  In the Tax Court in that earlier case, petitioners argued, as here, that their Fifth Amendment returns were valid, that the U.S. tax system was voluntary, not mandatory, that the determination of deficiencies against them violated their due process rights as citizens of Texas, and that respondent had no jurisdiction over them.  The Tax Court had dismissed petitioners' claim therein as failing to state a cause of action.

The Court of Appeals for the Fifth Circuit agreed with the Tax Court, and characterized petitioners' arguments as stale protester rhetoric long since discredited and now frivolous.  The Court of Appeals affirmed the Tax Court's determination of deficiencies and additions to tax against petitioners, and, consolidating petitioners' appeals from the District Court, also

affirmed the approval by that court of a penalty imposed by respondent for filing a frivolous return.

Finally, the Court of Appeals imposed double costs and damages against petitioners for bringing such frivolous appeals.

All this was known to petitioners well in advance of trial and briefing in the instant case.  As though it had never happened, petitioners went right ahead in the matter before us, repeating the same stale and discredited protester arguments and consuming valuable time of the Court, as well as respondent's counsel, in reading and responding to them.

In the stipulation of facts executed by the parties and filed at trial herein, and on brief, respondent made certain concessions as to the amount of deductible expenses incurred by petitioners, and as to the correct amount of gross income of petitioners for the years 1990 and 1991, and such concessions will be given effect under Rule 155 in arriving at the decision which is to be entered herein.[1]

As for the rest of it, we see no need to catalog petitioners' contentions and painstakingly address them.  We have dealt with most of them before.  Moreover, as the Court of Appeals for the Fifth Circuit has remarked:  "We perceive no need to refute these arguments with somber reasoning and copious

---

[1]  Respondent made the concessions herein after having examined petitioners' books and records, which had been made available to her by petitioners only after the statutory notice herein was issued.

citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

Petitioners have not shown that they incurred additional expenses beyond those allowed by respondent or that their gross income as determined in the notice of deficiency should be reduced by any amount greater than that which respondent has agreed to and conceded.  It was petitioners' burden to make such a showing.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Thus, respondent's determinations of the deficiency, as modified to give effect to respondent's concessions herein, must stand.

The additions to tax for failure to file returns under section 6651(a) for each of the years must likewise be approved. A Form 1040 which contains only "object Fifth Amendment" entries is not a Federal income tax return.  Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986).  This is true even where information forms are attached to the form. Reiff v. Commissioner, 77 T.C. 1169, 1177-1179 (1981).

Finally, petitioners have not alleged, let alone shown, that they had any credible fear of prosecution that could remotely justify claiming the Fifth Amendment with respect to the reporting of any given item on their returns.  Reiff v. Commissioner, supra.

We also approve respondent's imposition of the addition to tax for failure to pay estimated income tax under section 6654(a)

for each of the years in issue.  The addition to tax is mandatory in the absence of specified exemptions, <u>Grosshandler v. Commissioner</u>, 75 T.C. 1 (1980), and petitioners have not shown that any of the exemptions apply to them.

We turn now to respondent's request that a penalty against petitioners under section 6673(a) be awarded.  As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case convinces us that petitioners were not interested in disputing the merits of either the deficiencies in income tax or the additions to tax determined by respondent in the notice of deficiency.  Rather, the record demonstrates that petitioners regarded this case as a vehicle to protest the tax laws of this country and espouse their own misguided views.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law".  <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986).  Petitioners' position as set forth in the petition, motion for summary judgment, and other filings consists solely of stale and time-worn tax protester rhetoric.

Based on well-established law, petitioners' position is frivolous and groundless.

We also are convinced that petitioners instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies were delayed. We find all of this particularly egregious when we consider that petitioners were aware of the outcome of their 1989 case in the Fifth Circuit, on much the same grounds, prior to the time the trial herein occurred, as we have recounted above. Cf. Sandvall v. Commissioner, 898 F.2d 455, 459 (5th Cir. 1990), affg. T.C. Memo. 1989-189 and T.C. Memo. 1989-56.

In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require petitioners to pay a penalty to the United States in the amount of $2,000 for each of the years here in issue. Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-411 (1984).

In order to reflect the foregoing,

Decision will be entered

under Rule 155.