T.C. Memo. 1998-294

UNITED STATES TAX COURT

MAURICE H. SOCHIA AND BEATRICE M. SOCHIA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 464-97.                    Filed August 12, 1998.

Maurice H. Sochia and Beatrice M. Sochia, pro sese.

<u>T. Richard Sealy III</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARR, <u>Judge</u>:  Respondent determined deficiencies in and
additions to petitioners' Federal income taxes for the years and
in the amounts as follows:

Maurice H. Sochia

| | | Additions to Tax | |
|------|------------|---------------|---------------|
| Year | Deficiency | Sec. 6651(a) | Sec. 6654(a) |
| 1992 | $12,879.15 | $3,158.16 | $537.83 |
| 1993 | 7,955.00 | 1,941.63 | 324.53 |
| 1994 | 8,227.20 | 1,985.93 | 410.59 |

Beatrice M. Sochia

| | | Additions to Tax | |
|------|------------|---------------|---------------|
| Year | Deficiency | Sec. 6651(a) | Sec. 6654(a) |
| 1992 | $12,879.15 | $3,158.16 | $549.77 |
| 1993 | 7,955.00 | 1,941.63 | 324.53 |
| 1994 | 8,227.20 | 1,985.93 | 410.59 |

We must decide the following issues: (1) Whether petitioners had unreported income during the years in issue; (2) whether petitioners are liable for the addition to tax for failure to timely file income tax returns under section 6651(a) for each of the years in issue; (3) whether petitioners are liable for the addition to tax for failure to pay estimated Federal income tax under section 6654(a) for each of the years in issue; and (4) whether petitioners are liable for a penalty under section 6673.

All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation and exhibits submitted therewith are incorporated herein by this reference. At the time the petition was filed, petitioners resided in San Antonio, Texas.

On December 21, 1993, respondent received a Form 1040 for 1992 signed by petitioners and purportedly dated April 9, 1993. Every line of the form was filled out "Object--5th Amend." or with zeros. Attached to the form were various appendices including a "legal brief" and an "administrative claim for refund and a demand for hearing and abatement, tax year 1992". In addition, petitioners attached various Forms W-2 and 1099, statements showing distributions from Dean Witter Trust Co. (Dean Witter) and Great American Reserve, and a Schedule K-1 showing a partnership distribution to Beatrice Sochia.

Petitioners filed a Form 1040 for 1993 on or about April 15, 1994. Most of the lines on that form (including line 31, adjusted gross income) also were completed "Object--5th Amend." However, petitioners included numbers for a business loss on line 12. Numbers were also shown on some of the lines for Schedules A and C, and for the Forms 8283, 2106, and 6251 which were attached to the Form 1040. Other lines had question marks or, in the case of Form 4797, which was also attached to the Form 1040, "Object-- 5th Amend." As part of the package, petitioners included Forms 1099, a "statement of account" by Dean Witter, annual statements

from Northbrook Life Insurance Co., a completed Schedule K, and other documents showing distributions or payments to petitioners.

On April 19, 1995, petitioners sent to respondent a document entitled "joint income tax return, 1994". This document was not a Form 1040 but was a document generated by petitioners. This document did contain specific dollar amounts in various places, including an attached Schedule A, Form 2106, Forms 1099, Schedule K, documents from Dean Witter, and Forms W-2. The document created by petitioners differed in significant respects from the Commissioner's Form 1040, including the form of the jurat.

Respondent used transcripts of petitioners' information returns from 1992 through 1994 to compute the deficiencies determined in the notices of deficiency. After the notices were issued, petitioners produced their books and records to respondent and respondent made a number of concessions.

In papers filed with respondent and with the Court, petitioners argue that Federal income taxes violate various amendments of the U.S. Constitution and that so-called Fifth Amendment returns are valid. In oral argument, petitioners also asserted that section 61(a) is incompatible with the 16th Amendment of the Constitution.

## OPINION

Petitioners do not contest that they received the wages, interest, and other amounts determined by respondent in the notices of deficiency. They argue instead that these amounts are

not taxable and that the documents petitioners filed were valid "returns", so as to relieve them from the additions to tax determined by respondent.

A Form 1040 which contains only "Object--5th Amend." entries is not a Federal income tax return.  See Parker v. Commissioner, 724 F.2d 469 (5th Cir. 1984), affg. T.C. Memo. 1983-75; Beard v. Commissioner, 82 T.C. 766 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986).  This is true even where information forms are attached to the form.  Reiff v. Commissioner, 77 T.C. 1169, 1177-1179 (1981).  Moreover, petitioners have not alleged, let alone shown, that they had any credible fear of criminal prosecution that could remotely justify claiming the Fifth Amendment with respect to the reporting of any given item on their returns.

Instead of using a Form 1040 for 1994, petitioners created a form which they entitled "joint income tax return, 1994". Generally, taxpayers are required to file a return that conforms to the forms and regulations and should use the forms issued by the Internal Revenue Service.  See sec. 1.6011-1(b), Income Tax Regs.  We have held that an altered Treasury Form 1040 does not constitute a "return" in compliance with section 6011(a).  Beard v. Commissioner, supra; see also Counts v. Commissioner, 774 F.2d 426, 426-427 (11th Cir. 1985), affg. per curiam T.C. Memo. 1984-561; Rapp v. Commissioner, 774 F.2d 932 (9th Cir. 1985).

The Supreme Court has provided a four-part test to determine whether a document is sufficient for statute of limitations

purposes: (1) There must be sufficient data to calculate the tax liability, (2) the document must purport to be a return, (3) there must be an honest and reasonable attempt to satisfy the requirements of the tax law, and (4) the taxpayer must execute the return under penalty of perjury. Badaracco v. Commissioner, 464 U.S. 386 (1984); Beard v. Commissioner, supra at 777-778; see also Zellerbach Paper Co. v. Helvering, 293 U.S. 172 (1934); Florsheim Bros. Drygoods Co. v. United States, 280 U.S. 453 (1930); National Contracting Co. v. Commissioner, 105 F.2d 488 (8th Cir. 1939), affg. 37 B.T.A. 689 (1938). On their bogus form petitioners created false "adjustments to income", subtracting each item of "gross receipts" they had listed, to arrive at a net income of zero. Moreover, petitioners altered the jurat significantly. A jurat is required to be made according to the forms prescribed by the Secretary. Sloan v. Commissioner, 102 T.C. 137, 146-147 (1994), affd. 53 F.3d 799 (7th Cir. 1995).

In light of the above, we conclude that none of the documents filed by petitioners for the years in issue demonstrate an honest endeavor to satisfy the law. We hold that petitioners did not file Federal income tax returns for the years in issue.

Petitioners' arguments concerning the conflict between section 61(a) and the 16th Amendment are not well taken. The Supreme Court has defined "income" as "undeniable accessions to wealth, clearly realized, and over which the taxpayers have

complete dominion."  Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955).

We have considered petitioners' other arguments and find them meritless.

For the above reasons, we hold that petitioners had unreported income during the years in issue in the amounts determined by respondent in the notices of deficiency, as modified by the stipulation of facts.  We also hold that petitioners are liable for the additions to tax for failure to timely file income tax returns under section 6651(a) for each of the years in issue.  Petitioners are also liable for the additions to tax under section 6654(a) for failure to pay estimated Federal income tax.

We now turn to respondent's request that a penalty against petitioners under section 6673(a) be awarded.  That section authorizes the Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.  Petitioners have been to this Court on two previous occasions (involving tax years 1989 and 1990-91), where their arguments were rejected.  See Sochia v. Commissioner, T.C. Memo. 1995-475, affd. without published opinion 116 F.3d 478 (5th Cir. 1997).  On the second occasion we imposed a $2,000 penalty for each of the 2 years in issue.  The

earlier decision, involving 1989, was consolidated with their appeal of a dismissal by a District Court of their action seeking a refund of a $500 penalty imposed for filing a frivolous tax return.  The Court of Appeals not only sustained the courts below but imposed its own sanction by awarding the United States double costs plus $1,000 in damages for the frivolous appeals.  See Sochia v. Commissioner, 23 F.3d 941, 944 (5th Cir. 1994).

As petitioners have already been amply notified, their position is frivolous and groundless.  We therefore exercise our discretion under section 6673(a)(1) and require petitioners to pay a penalty to the United States in the amount of $5,000 for each of the years here in issue.

In order to reflect concessions made by respondent,

An appropriate order will be issued and decision will be entered under Rule 155.