T.C. Memo. 1999-277


UNITED STATES TAX COURT


WILLIAM C. WILLIAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent*


Docket No. 16359-98.                    Filed August 20, 1999.

William C. Williams, pro se.

<u>Nancy Graml</u>, for respondent.


MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the tax year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.

*This opinion replaces T.C. Memo. 1999-270, which was withdrawn by Order dated August 18, 1999.

Respondent determined a deficiency in petitioner's 1995 Federal income tax in the amount of $4,476, an addition to tax for failure to file timely a Federal income tax return pursuant to section 6651(a)(1) in the amount of $947.03, and an addition to tax for failure to pay estimated income tax pursuant to section 6654 in the amount of $242.70.

The issues for decision are: (1) Whether petitioner is exempt from Federal income tax on his compensation for labor during 1995; (2) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file timely a Federal income tax return for the year 1995; (3) whether petitioner is liable for an addition to tax under section 6654 for failure to pay estimated income tax for 1995; and (4) whether we should impose a penalty on petitioner pursuant to section 6673(a).

Background

Some of the facts have been stipulated, and the stipulation of facts and the attached exhibits are incorporated by this reference. Petitioner resided in Brazoria, Texas, when he filed his petition.

Petitioner did not file a Federal income tax return for the year 1995. On July 21, 1998, respondent issued a statutory notice of deficiency to petitioner for the year 1995 based upon taxable income reports issued by third parties. These reports were that during 1995, petitioner received wages from Belmont

Constructors, Inc., Fluor Daniel Service Corporation, Harmony Corporation, U.S. Contractors, Inc., Mark III, Inc., Gulf States, Inc., Instrument & Electric Corporation, and Harbert-Yeargin, Inc. in the amounts of $1,431, $7,702, $700, $1,252, $2,418, $7,445, $2,549, and $9,748, respectively.

In the statutory notice of deficiency, in accordance with the reports by third party employers, respondent determined that in 1995 petitioner received wages in the amount of $33,245. Petitioner presented no evidence at trial to refute respondent's determinations but stipulated the accuracy of respondent's determinations concerning his earnings during 1995. Petitioner argued that this Court should dismiss the case for lack of jurisdiction because as a citizen of Texas he is exempt from the Federal income tax law, that the U.S. Constitution forbids taxation of compensation received for personal services, and that the Commissioner is without authority to act absent self-assessment and voluntary compliance. At trial petitioner orally moved for dismissal for lack of jurisdiction on grounds similar to those summarized above, and petitioner's motion to dismiss was denied.

Discussion

Section 61 provides that "gross income means all income from whatever source derived, including (but not limited to) * * * Compensation for services." Petitioner's contention that he is

not subject to taxation and therefore not liable for income taxes is without merit.  The short answer to petitioner's assertions is that he is not exempt from Federal income tax.  See Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984).

Petitioner's arguments are wholly frivolous and have been repeatedly rejected by this Court as well as the Court of Appeals for the Fifth Circuit, the circuit to which an appeal would lie in this case.  See, e.g., United States v. Price, 798 F.2d 111 (5th Cir. 1986); Anderson v. United States, 754 F.2d 1270 (5th Cir. 1985); Lonsdale v. Commissioner, 661 F.2d 71 (5th Cir. 1981), affg. per curiam T.C. Memo. 1981-122; Abrams v. Commissioner, supra; Rowlee v. Commissioner, 80 T.C. 1111 (1983); Sochia v. Commissioner, T.C. Memo. 1995-475, affd. without published opinion 116 F.3d 478 (5th Cir. 1997).  Accordingly, we hold that petitioner is liable for the deficiency in tax as determined by respondent.

Section 6651(a) imposes an addition to tax for a taxpayer's failure to file a required return on or before the specified filing date, including extensions.  The addition to tax is inapplicable, however, if the taxpayer shows that the failure to file the return was due to reasonable cause and not to willful neglect.  See sec. 6651(a)(1).  It is undisputed that petitioner failed to file a Federal income tax return for the year 1995. Furthermore, petitioner has not provided this Court with any

reasonable explanation for his failure to file. Therefore, we sustain respondent's determination with respect to the addition to tax for delinquent filing.

Section 6654(a) imposes an addition to tax for underpayment of estimated tax by an individual. The amount of this addition to tax is equal to the amount of the underpayment multiplied by the underpayment rate established under section 6621 for the period of the underpayment. The addition to tax under section 6654(a) is mandatory unless petitioner can prove that he complies with one of the exceptions contained in section 6654(e). See Baldwin v. Commissioner, 84 T.C. 859, 871 (1985); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Since petitioner has failed to introduce evidence on this issue, and the record does not indicate that any of the exceptions in section 6654(e) applies, we sustain respondent's determination concerning the addition to tax under section 6654.

Section 6673(a)(1) allows this Court to award a penalty not in excess of $25,000 when proceedings have been instituted or maintained primarily for delay, or where the taxpayer's position is frivolous or groundless; i.e., it is contrary to established law and unsupported by a reasoned, colorable argument for a change in the law. See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). In our opinion, such is the case here, and we believe that a penalty is appropriate. The positions argued by

petitioner are frivolous and wholly without merit.  Moreover, we rejected petitioner's frivolous arguments when he raised them by motion to dismiss.  Accordingly, petitioner was warned of our opinion with regard to his arguments.  We shall require petitioner to pay a $1,000 penalty under section 6673(a).

To reflect the foregoing,

<u>An appropriate order imposing the penalty under section 6673(a) and decision will be entered for respondent</u>.