United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-61146
Summary Calendar
_____

JOHN TELLO

        Petitioner - Appellant

    v.

COMMISSIONER OF INTERNAL REVENUE

        Respondent - Appellee

_____

Appeal from a Decision of the United States Tax Court
No. 11336-04
_____

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Petitioner-Appellant John Tello contested a notice of

deficiency he received regarding his 2002 taxes.  The United

States Tax Court dismissed his petition for failure to state a

claim and imposed sanctions.  We AFFIRM.

### I.  BACKGROUND

    On June 30, 2004, Petitioner-Appellant John Tello filed a

pro se petition for redetermination with the United States Tax

Court, contesting a notice of deficiency for 2002 sent to him by

_____

        [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

- 1 -

Respondent-Appellee Commissioner of Internal Revenue (the "CIR").

In his petition, Tello alleged, inter alia, that the notice of deficiency was levied improperly because: (1) the accounting method the CIR employed was not as suitable as Tello's preferred accounting method; (2) the CIR is not permitted to provide accounting services in the State of Texas; (3) the CIR is not permitted to practice law in the State of Texas; and (4) Tello has no "fiduciary obligation" to pay taxes to the Internal Revenue Service (the "IRS") or the CIR. Notably, Tello did not deny receiving the income stated in the notice of deficiency.

On July 23, 2004, the CIR filed a motion to dismiss, arguing that Tello failed to state a claim. The CIR also moved for sanctions against Tello under I.R.C. § 6673 (2000) for instituting a proceeding for the purposes of delay and/or for making frivolous arguments in his petition for redetermination. The CIR noted that in another case involving Tello's tax deficiencies for the 1996, 1997, 1998, and 2000 tax years, Tello was informed that his fiduciary argument was frivolous and that he was sanctioned $2,500 for continuing to advance the argument.[1] In response to the CIR's motion, the Tax Court ordered Tello to "file with the Court an amended petition [setting] forth with specificity each error he alleges was made by the respondent in

---

[1] This court recently affirmed the Tax Court's decision against Tello in this related case. Tello v. Comm'r, __ F.3d __, 2005 WL 1269579 (5th Cir. 2005) (per curiam).

- 2 -

the determination of the deficiency . . . ."  Tello in turn filed a bellicose response in which he did not set forth with specificity any alleged errors made by the CIR in calculating Tello's notice of deficiency.  On September 7, 2004, the Tax Court issued an order in which it dismissed Tello's petition for redetermination, upheld the CIR's determination of deficiency, and sanctioned Tello $500 under § 6673.

On November 26, 2004, Tello filed a notice of appeal. Tello, proceeding pro se, argues that the Tax Court: (1) denied him due process in dismissing his petition; and (2) levied sanctions against him inappropriately.  The CIR has moved for additional sanctions of $6,000 against Tello for maintaining a frivolous appeal.  The CIR claims that on appeal, Tello has renewed his fiduciary argument, which repeatedly has been ruled frivolous.  Citing, inter alia, Trowbridge v. Commissioner, 378 F.3d 432 (5th Cir. 2004)(per curiam) and Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997)(per curiam), the CIR notes that we have repeatedly sanctioned taxpayers for persisting in making frivolous tax-protest arguments on appeal.

## II.  DISCUSSION

### A.  Dismissal for Failure to State a Claim

Tello's main argument on appeal seems to be that the Tax Court denied him due process and committed various other procedural improprieties in dismissing his petition.  To the

extent Tello's arguments are comprehensible, they are wholly without merit. "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Comm'r, 737 F.2d 1417, 1417 (5th Cir. 1984).

It is clear that Tello's petition was the proper subject of a dismissal for failure to state a claim. Petitions in the Tax Court are governed by TAX CT. R. 34(b)(4), which states that a petition must contain: "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. . . . Any issue not raised in the assignments of error shall be deemed to be conceded." The assignments of error Tello made in his petition for redetermination were patently frivolous. The heart of Tello's argument in the Tax Court was that the CIR has no authority to collect tax revenue. It is manifest that the CIR and the IRS have the authority to collect tax revenue by virtue of the Internal Revenue Code. See I.R.C. §§ 7801-7804 (2000). Thus, his primary assignment of error was plainly without merit. Furthermore, it is evident that by virtue of promulgating official tax documents, the CIR has not engaged in the unauthorized practice of accounting or law. We have previously upheld the Tax Court's dismissal of petitions for redetermination under Rule 34(b)(5) for failure "to allege any justiciable error in the determinations upon which the notice of

- 4 -

deficiency was based or any facts tending to support any such error." Sochia v. Comm'r, 23 F.3d 941, 943 (5th Cir. 1994). Accordingly, we affirm the Tax Court's dismissal of Tello's petition for redetermination.

## B.    Tax Court Sanctions

Section 6673(a)(1) of the Internal Revenue Code provides for sanctions up to $25,000 when a taxpayer initiates a proceeding primarily for delay or advocates frivolous or groundless arguments.  "The Tax Court's assessment of penalties under section 6673 can be reversed by this court only for an abuse of discretion."  Sandvall v. Comm'r, 898 F.2d 455, 459 (5th Cir. 1990).  In the instant case we see no abuse of discretion.  We have previously upheld penalties under § 6673 where taxpayers were warned by the Tax Court to stop litigating frivolous issues. Id.  Here, Tello received multiple warnings regarding his fiduciary argument.  He chose to ignore those warnings and persisted in advocating frivolous arguments.  Accordingly, we affirm the Tax Court's sanctions.

## C.    Appellate Sanctions

Section 7482(c)(4) of the Internal Revenue Code endows this court with "the power to require the taxpayer to pay to the United States a penalty in any case where the decision of the Tax Court is affirmed and . . . the taxpayer's position in the appeal is frivolous or groundless."  It is clear that the due process

- 5 -

and other procedural arguments Tello makes on appeal are frivolous and groundless.  We thus find that appellate sanctions are appropriate, and assess sanctions against Tello in the amount of $2,500.

## III.  CONCLUSION

For the foregoing reasons, the Tax Court's judgment and imposition of sanctions is AFFIRMED.  The CIR's motion for sanctions is GRANTED IN PART, and sanctions in the amount of $2,500 are ASSESSED against Tello.