United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20785
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

STACY C. CHAPMAN,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-MC-186
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

     Stacy C. Chapman appeals from the district court's order

compelling the enforcement of two Internal Revenue Service (IRS)

summonses.  She argues that, as a resident of Texas, she is not

subject to the jurisdiction of the Internal Revenue Code, and she

seeks to assert her Fifth Amendment privilege against self-

incrimination in response to the district court's order.

     We have consistently rejected the argument that citizens of

Texas are citizens of a "sovereign state" and therefore not

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subject to the Internal Revenue Code.  See, e.g., Sochia v. Comm'r, 23 F.3d 941, 943-44 (5th Cir. 1994).  Furthermore, Chapman has not made the required showing that the IRS's purpose in issuing the summonses was solely criminal such that she may raise the Fifth Amendment privilege.  See United States v. Roundtree, 420 F.2d 845, 852 (5th Cir. 1969).  Chapman's appeal is therefore without arguable merit and is dismissed as frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

The Government and Chapman have filed cross-motions for sanctions.  We have repeatedly warned "that frivolous challenges to the sixteenth amendment and income tax legislation and regulations [will] result in the imposition of the full range of sanctions provided by [FED. R. APP. P. 38]."  See Sochia, 23 F.3d at 944.  We therefore grant the Government's motion for sanctions for a frivolous appeal, and impose upon Chapman the sum of $3,000 in damages.  See Parker v. Comm'r, 117 F.3d 785, 787 (5th Cir. 1997).  All other outstanding motions are denied.


APPEAL DISMISSED AS FRIVOLOUS; GOVERNMENT'S MOTION FOR SANCTION GRANTED; ALL OTHER OUTSTANDING MOTIONS DENIED.