# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 11, 2009

Charles R. Fulbruge III
Clerk

No. 09-60298
Summary Calendar

MARY LYNN COLLARD,

Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee

Appeal from the United States Tax Court
No. 22683-08

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mary Lynn Collard petitioned the United States Tax Court for a review of the Commissioner of Internal Revenue's determination of a deficiency in and additions to her 2004 federal income tax. The Tax Court found Collard's arguments frivolous and dismissed her case for failure to state a claim. Collard appealed that decision and the Commissioner moved for sanctions against her. For the following reasons, this court affirms the Tax Court's dismissal and grants the Commissioner's motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## FACTS AND PROCEEDINGS

Collard failed to file an income tax return for 2004. Based on her income that year, the Commissioner determined that she owed $818 in taxes and sent Collard a notice of deficiency. The Commissioner also assessed penalties in the amount of $184.05 for failure to file a return and $147.24 for failure to pay taxes. *See* I.R.C. §§ 6651(a)(1)-(2). Collard filed a 64-page petition in the Tax Court challenging the determinations, asserting the argument that "taxpayer means fiduciary." The Commissioner moved to dismiss, and the court ordered Collard to amend her petition to "set[] forth with specificity each error petitioner alleges was made by respondent." Rather than amend, Collard filed a "Declination to Amend," a response to the Commissioner's motion, and eight separate motions seeking to strike the Commissioner's filings and various Tax Court rules. The eight motions were summarily denied as frivolous.

The case was referred to a special trial judge for disposition. The court granted the motion to dismiss and sustained the determinations of tax deficiencies and penalties. Collard appealed. Arguing that Collard's appeal was frivolous, the Commissioner moved for sanctions in the amount of $8,000 against her. Collard filed no response to this motion.

## DISCUSSION

A dismissal for failure to state a claim is reviewed *de novo*. *Stearman v. C.I.R.*, 436 F.3d 533, 535 (5th Cir. 2006). Collard does not specifically challenge the bases for the Commissioner's deficiency and penalty determinations, nor did she do so in the Tax Court. Tax Court Rule 34(b)(5) provides that a petition in a deficiency action shall contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability." In her original petition, Collard did not comply with this Rule. Moreover, when the Tax Court ordered Collard to bring her petition into compliance, she filed a "Declination to

Amend" stating that "comm'r doesn't ***need*** any clarification, and neither does anyone else" and that the "irs will be out of business by Thanksgiving, 2011."

This court and other courts of appeals have routinely affirmed dismissals where the petitioner failed to comply with the requirements of Rule 34(b). *See Stearman*, 436 F.3d at 537, 538 n.11; *Sochia v. C.I.R.*, 23 F.3d 941, 943 (5th Cir. 1994); *Lefebvre v. C.I.R.*, 830 F.2d 417, 419-20 (1st Cir. 1987); *Taylor v. C.I.R.*, 771 F.2d 478, 479 (11th Cir. 1985); *Scherping v. C.I.R.*, 747 F.2d 478, 480 (8th Cir. 1984). Nothing about Collard's case merits a departure from these precedents.

Collard also challenges the fact that her case was referred to a special trial judge for disposition. Her argument is foreclosed by I.R.C. § 7443A, which permits the chief judge of the Tax Court to assign "any proceeding" where the alleged deficiency does not exceed $50,000 to a special trial judge and to authorize the special trial judge "to make the decision of the court." *See* I.R.C. §§ 7443A(b)(3), (c); Tax Ct. R. 182(d); *see also Freytag v. C.I.R.*, 904 F.2d 1011, 1014-15 (5th Cir. 1990).

In addition, Collard mounts an overall attack on the legitimacy of the federal income tax system throughout her brief and in her pleadings below. She presents this argument, apparently premised on the law of trusts, under the rubric of "taxpayer means fiduciary." Collard's argument consists of baseless due process claims and frivolous attempts to undermine the federal income tax. Where this is the case, "[w]e perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. C.I.R.*, 737 F.2d 1417, 1417 (5th Cir. 1984).

Finally, Collard makes allegations to the effect that the Commissioner and the Tax Court are involved in a criminal conspiracy and scam to defraud taxpayers. Based on these allegations against the Commissioner and the courts;

Collard's meritless legal arguments; and the needless consumption of judicial resources, the Commissioner asks this court to sanction Collard in the amount of $8,000. The court agrees with the Commissioner that Collard has abused the judicial process and, worse, has impugned the integrity of both this court and the lower court. "[I]t is difficult to imagine a lesser sanction that would vindicate the integrity of the court proceedings and deter [Collard] from similar misconduct. Wasteful and dilatory appeals unjustifiably consume the limited resources of the judicial system . . . ." *Stearman*, 436 F.3d at 540. Accordingly, the Commissioner's motion is granted and, pursuant to 28 U.S.C. § 1912 and Fed. R. App. Proc. 38, Collard is sanctioned in the amount of $8,000.[1]

## CONCLUSION

For the foregoing reasons, the Tax Court's order dismissing Collard's petition is AFFIRMED in all respects. The Commissioner's motion is GRANTED and Collard is sanctioned in the amount of $8,000.

---

[1] As in *Parker v. C.I.R.*, we impose a lump-sum sanction as doing so "saves the government the additional cost of calculating its expenses, and also saves the court the time and expense of reviewing the submission of costs." 117 F.3d 785, 787 (5th Cir. 1997).