FILED
United States Court of Appeals
Tenth Circuit

March 24, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JOHN E. ROTT,

　　　　Plaintiff - Appellant,

v.

OKLAHOMA TAX COMMISSION;
STATE OF OKLAHOMA; JAY L.
HARRINGTON; THOMAS E. KEMP,
JR.; JERRY JOHNSON; CONSTANCE
IRBY; KATHY HUGHES; DOUGLAS
H. SHULMAN; STEVEN T. MILLER;
DANIEL I. WERFEL; MARY
HANNAH; LAYNE CARVER; BILL R.
BANOWSKY; WILLIAM J. WILKINS;
UNITED STATES OF AMERICA,

　　　　Defendants - Appellees.

No. 14-6152
(D.C. No. 5:13-CV-01041-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **MORITZ**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

[*]　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

John E. Rott, appearing pro se, appeals the district court's dismissal of his federal claims, its remand of his state-law claims, and its denial of his motion to file an amended petition. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in all respects.

## BACKGROUND

Rott filed a federal tax return for tax year 2009 seeking a refund of overpaid taxes. The Internal Revenue Service (IRS) refused to issue a refund for that year and instead applied the overpayment to his outstanding tax liabilities for 2006. The IRS also contacted Rott about overdue taxes for tax years 2004, 2005, and 2006, and in 2013, the IRS informed him that it intended to pursue administrative collection of those overdue taxes, which totaled approximately $260,000. The IRS then sent him a notice of intent to levy as to tax years 2004 and 2005. Rott repeatedly responded to IRS correspondence that he was not a taxpayer and there was "no commercial nexus on which to assert any claim" for the taxes for 2004, 2005, and 2006. *See, e.g.*, R. at 203, 224, 248. Rott also submitted nine Freedom of Information Act (FOIA) requests asking the IRS to provide documentation that he volunteered or consented to pay federal income taxes for tax years 2004 through 2012. The IRS responded to each request that it was not required to create such documentation and that the Constitution and the Internal Revenue Code authorized the collection of taxes.

In June 2013, the IRS issued a notice of deficiency to Rott for tax year 2010, informing him that he could contest it by filing a petition in the Tax Court within

- 2 -

ninety days. Rott instead filed suit in Oklahoma state court against the United States, three IRS officials, and four IRS employees (together, the Federal Defendants). He also named as defendants the State of Oklahoma, the Oklahoma Tax Commission (OTC), three OTC Commissioners, and one OTC administrative law judge (collectively, the State Defendants), based on their efforts to collect Oklahoma income taxes from him. In his first amended petition, which is the controlling pleading in this case, Rott alleged that the federal and state income tax systems were "out of control." R. at 583. He sought a declaration that, except for 2009, he was not a federal or Oklahoma taxpayer because he never volunteered to pay federal income taxes. His theory was that the federal and state income tax systems are commercial in nature, that "taxpayer means fiduciary," and that "[t]he only way there's a taxpayer under the federal code is if there first exists a written trust agreement for which [the United States] is a named beneficiary." *Id.* at 607 (emphasis and internal quotation marks omitted). He also requested an injunction staying administrative collection activities and releasing the OTC's lien on his property, a refund for his 2009 overpayment,[1] and money damages.

After the Federal Defendants removed the action to federal district court, each set of defendants filed a motion to dismiss, which the district court granted as to all federal claims. The court found Rott's argument that he is not a taxpayer to be

---

[1] In 2012 and 2013, the IRS applied Rott's overpayment of his 1998 taxes to his 2006 liabilities. *See* R. at 191, 193. Rott sought sanctions for that "confiscation," *id.* at 673, but it does not appear he sought a refund.

unsupported and frivolous and concluded that his claims against the Federal Defendants were variously barred by the tax exclusion of the Federal Tort Claims Act (FTCA) (28 U.S.C. § 2680(c)), the Tax Anti-Injunction Act (26 U.S.C. § 7421(a)), the tax exception to the Declaratory Judgment Act (28 U.S.C. § 2201(a)), his failure to pay assessed tax liabilities and sue for a refund under 26 U.S.C. § 7422(a), and sovereign immunity. The court rejected Rott's attempt to assert a *Bivens*[2] claim for damages against the individually-named Federal Defendants on the ground that Congress had adequately provided other remedies for wrongful assessment and collection of taxes. And, apparently in the alternative, the court ruled that the individually-named Federal Defendants were entitled to qualified immunity because Rott had wholly failed to allege that they violated any of his constitutional rights.[3]

The district court construed Rott's federal claims against the State Defendants as arising under 42 U.S.C. §§ 1983, 1985(2) and (3), and 1986. The court dismissed the § 1983 claims because neither the OTC nor the four individually-named State Defendants in their official capacities were "persons" subject to § 1983 liability. On the individual-capacity § 1983 claims, the court granted qualified immunity to the

---

[2]   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[3]   The court also determined Rott had not sufficiently alleged that the individual Federal Defendants had disregarded any Internal Revenue Code provision for purposes of a claim that any of them had done so "recklessly," "intentionally," or "negligen[tly]." 26 U.S.C. § 7433(a). Because we are unable to discern any arguments in Rott's appellate brief contesting this conclusion, we will not consider the matter further.

individual State Defendants because Rott wholly failed to make out a violation of a constitutional right. The court further held that the § 1985(2) and (3) claims failed because Rott had not alleged any class-based discriminatory animus, and consequently Rott's § 1986 claim necessarily failed. Having dismissed all of the federal claims against the State Defendants, the court declined to exercise supplemental jurisdiction over the state-law claims and remanded them to the state court. The district court also denied Rott's motion to amend his petition for lack of good cause.

## DISCUSSION

The district court dismissed Rott's federal claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. We review such dismissals de novo. *Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). Because Rott is pro se, we afford his filings a liberal construction, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

The bulk of Rott's appellate arguments regarding the district court's dismissal of his federal claims rests upon his view that he is not a federal taxpayer and, by implication, not an Oklahoma taxpayer. He contends the IRS confessed as much when it responded to his FOIA requests for documents showing he agreed to pay taxes by stating it had no such records. He reiterates his trust arguments and posits that until the relevant governmental actor (the Department of Revenue on the federal side, and the State of Oklahoma or the OTC on the state side) establishes a

- 5 -

"commercial nexus, there is no 'taxpayer;' hence, no 'income.'" Opening Br. at 5. And because those governmental components are "commercial players," there is, contrary to the district court's conclusion, no sovereign immunity. *Id.* Further, he claims that the constitutional rights at issue for qualified-immunity purposes are his rights (1) to be free from unreasonable seizure of his property and (2) not to contract.

After carefully considering Rott's brief and the controlling law, we conclude that his core argument is nothing but a creative spin on the tax-protester theory that paying federal income taxes is voluntary. This court long ago rejected that theory as "patently frivolous," *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990), and the Fifth Circuit has repeatedly rejected Rott's "taxpayer means fiduciary" variation of that theory, *see, e.g.*, *Collard v. Commissioner*, 354 F. App'x 24, 26 (5th Cir. 2009); *Stearman v. Commissioner*, 436 F.3d 533, 537-38 (5th Cir. 2006). Hence, we reject the following contentions, all of which necessarily depend on his faulty premise that he is not a taxpayer: (1) the IRS confessed, in its written responses to his FOIA requests, that he is not a federal taxpayer; (2) no defendants have sovereign immunity because they acted in a commercial capacity; (3) the tax-related bars in the Declaratory Judgment Act and the Tax Anti-Injunction Act do not apply to non-taxpayers like him; (4) sanctions against defendants were justified because their efforts to collect taxes from a non-taxpayer were not substantially justified; (5) non-taxpayers can bring *Bivens* claims for violation of the right not to contract; (6) whether he is a taxpayer is a federal question, so remand of state-law

claims was inappropriate; (7) the IRS failed to train its employees about non-taxpayers; (8) he is a member of the protected group "non-taxpayers" for purposes of his § 1985 claims; (9) each individual state defendant had the opportunity and power to stop the § 1985 conspiracies against him, leading to liability under § 1986; and (10) the district court should have permitted him to amend his petition to substitute the United States Department of Revenue and its Secretary as defendants in place of the United States because they are the responsible parties under his "taxpayer means fiduciary" theory.

We also reject the remainder of Rott's cognizable arguments. First, he contends that by paying taxes in 2009 and requesting a refund, he satisfied the pay-and-sue requirement for a refund suit under 26 U.S.C. § 7422(a). *See Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006) (explaining that, before a district court has jurisdiction over a refund claim, "a plaintiff must have fully paid the challenged tax assessment" and "filed a valid refund claim with the IRS"). But the IRS applied his refund to his 2006 tax liability, so it is the assessment of taxes for 2006 that is at issue for purposes of the pay-and-sue requirement. However, he never paid his 2006 taxes. Accordingly, the district court lacked jurisdiction over his refund claim. Second, Rott offers no authority (nor are we aware of any) for his contention that the defendants waived their sovereign immunity by initiating efforts to collect his unpaid tax liabilities through "'administrative' litigation." Opening Br. at 7. Third, Rott argues that remand of any remaining state-law claims was

inappropriate because the State Defendants consented to removal. He provides no authority for this proposition, and we have found none. We therefore conclude that the district court did not err in remanding any remaining state-law claims.

**CONCLUSION**

The judgment of the district court is affirmed.

Entered for the Court


Bobby R. Baldock
Circuit Judge