IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60580
Summary Calendar
_____


CAREY K. PARKER; MARY E. PARKER,

                                        Petitioners-Appellants,

                        versus

COMMISSIONER OF INTERNAL REVENUE,

                                        Respondent-Appellee.
_____

Petition for Review of an Order of the
United States Tax Court
(3456-96)
_____
May 13, 1997

Before KING, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Appellants Carey K. Parker and Mary E. Parker appeal the tax

court's dismissal of their petition challenging tax deficiencies

found by the Internal Revenue Service.  Finding the Parkers'

arguments to be entirely meritless, we affirm.

        The Parkers did not file income tax returns for the years 1991

through 1994.  The IRS concluded from the 1099 and W-2 forms

submitted by third-party payors that the Parkers owed in excess of

_____

        [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

$80,000 in back taxes and penalties, and sent the Parkers notices of these deficiencies. The Parkers filed a petition for redetermination in which they argued (1) that the IRS lacked authority to assess income taxes, determine deficiencies, or assess tax penalties because there were no proper implementing regulations; (2) that the IRS' determinations were arbitrary and without factual foundation; (3) that they are "Texas State Citizens" residing in "on of the American Republics named the 'State of Texas'" and therefore were not subject to federal income tax because they are "foreign" to the United States; and (4) that their income was part of their "estate," which is "foreign to the corporate United States Government" and not includable in gross income. The Commissioner moved to dismiss the petition for failure to state a claim. The tax court found that the Parkers' petition was based upon "frivolous constitutional arguments" that were "totally without merit" and granted the motion to dismiss.

On appeal, the Parkers have abandoned most of these arguments, but they have clarified their claim that the IRS' determinations were "arbitrary." The Parkers now insist that the determinations are "arbitrary" because they are based upon 1099 and W-2 forms submitted by third-party payors, claiming that "the Commissioner has some duty to investigate the payers [sic] bald assertion of

payment and determine if the payers [sic] position was supported by their books, receipts, or other records."

The Parkers cite our decision in Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), as support for this position. In Portillo, the IRS issued a notice of deficiency when it discovered that the taxpayer had reported substantially less income from a particular payor than that payor had reported in its Form 1099. We found that the Commissioner "arbitrarily decided to attribute veracity to [the third-party payor] and assume that [the taxpayer's] Form 1040 was false." Id. at 1134. In Portillo, the Commissioner's determination was arbitrary because the Commissioner offered no factual basis for accepting one sworn statement, the Form 1099, while rejecting another sworn statement, the taxpayer's Form 1040.

Portillo did not hold that the IRS must conduct an independent investigation in all tax deficiency cases. In this case, the Commissioner has not *arbitrarily* found the third-party forms credible: the Parkers never filed a Form 1040 or any other document in which they swore that they did not receive the payments in question. The Commissioner has no duty to investigate a third-party payment report that is not disputed by the taxpayer.

The Parkers additionally suggest, in their statement of facts, that the requirement that individuals file income tax returns

violates the constitutional right against self-incrimination. Although this argument was not raised before the tax court and therefore is not properly raised here, we observe that the Parkers' position is plainly frivolous.

The decision of the tax court dismissing the Parkers' petition for redetermination for failure to state a claim is therefore affirmed.

Also before this court is the Commissioner's motion that sanctions be assessed against the Parkers for bringing a frivolous appeal. The Internal Revenue Code specifically authorizes the Court of Appeals to impose a penalty in cases "where the decision of the Tax Court is affirmed and it appears that the appeal was instituted or maintained primarily for delay or that the taxpayer's position in the appeal is frivolous or groundless." 26 U.S.C. § 7482(c)(4). In past cases, this penalty has been single costs, double costs or a lump sum sanction.

As we have previously observed, imposing a lump sum sanction saves the government the additional cost of calculating its expenses, and also saves the court the time and expense of reviewing the submission of costs. Stelly v. Commissioner, 804 F.2d 868, 871 (5th Cir. 1986), cert. denied, 480 U.S. 907, 107 S.Ct. 1352 (1987) (setting lump sum sanction "saves both government time in preparing and filing of affidavits and judicial time in

considering such affidavits"). See also Stoecklin v. Commissioner, 865 F.2d 1221, 1226 (11th Cir. 1989); Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984).

In this case, after the government filed its motion to dismiss on the ground that the Parkers' petition cited only frivolous and unsupported arguments, the tax court specifically ordered the Parkers to file an amended petition alleging each error with specificity, and with "separate statements of every fact upon which the petitioner bases the assignment of each error." Despite this opportunity, the Parkers' amended petition simply repeats the meritless constitutional arguments of their original petition. In its order dismissing the petition, the tax court specifically stated that the Parkers had raised "frivolous allegations" that were "nothing but tax protestor rhetoric and legalistic gibberish." Despite this warning that their claims were meritless, the Parkers filed the present appeal in which they continued to maintain that the entire Tax Code is an elaborate "fraud" designed to "catch the naïve." The Parkers insist that the "IRS lie" is based upon a "deception" that is "thorough, deep and wide."

Although some latitude may be afforded to *pro se* taxpayers who misunderstand the nature of the tax laws, *pro se* status is not a license to litter the dockets of the federal courts with ridiculous allegations that the Internal Revenue Code is the product of an

illegal conspiracy.  The Commissioner has requested a sanction of $2000, citing cases imposing sanctions of that amount and higher. We agree with the Commissioner that this is a reasonable penalty, and find that imposing a lump sum sanction in lieu of costs conserves both government and judicial resources.  We therefore impose a sanction of $2000, which we hope will deter the Parkers from any further frivolous filings.

AFFIRMED; SANCTIONS IMPOSED.