IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-60592

Summary Calendar

---

CHAROL L. STAFFORD,

Plaintiff-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Defendant-Appellee;

JAMES E. STAFFORD,

Plaintiff-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Defendant-Appellee.

---

Appeal from the United States Tax Court
(7275-96)

---

April 7, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

James E. Stafford and Charol L. Stafford appeal from the entry

of summary judgment against them on their action in Tax Court

seeking a redetermination of tax deficiencies assessed against them

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by the I.R.S.  The Staffords make no effort to dispute the amount of the deficiencies calculated by the I.R.S.  Rather, they argue that the I.R.S. is generally without the authority to issue notices of deficiency, that the BATF and not the Commissioner possesses authority over collection and assessment, and that Title 26 of the U.S. Code was not enforceable against them because it had not been enacted into positive law and because it lacks implementing regulations

We find the Staffords' arguments to be frivolous.  Section 6212(a) of the Internal Revenue Code specifically empowers the Commissioner to send notices of deficiency to taxpayers. Moreover, the Commissioner clearly had authority under Title 26 of the Internal Revenue Code to pursue collection.  The BATF's jurisdiction is irrelevant to this case.  Additionally, we do not hesitate to conclude that the Internal Revenue Code constitutes enforceable law, even if it has not been enacted into "positive law," see Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985). Finally, the Staffords misstate the law when they contend that the provisions of the Internal Revenue Code generally require implementing regulations before they become enforceable.  See Occidental Petroleum Corp. v. Commissioner, 82 T.C. 819, 829 (1984).  Regardless, a quick perusal of the Code of Federal Regulations makes it more than clear that numerous enforcement regulations have been so promulgated.

The government has petitioned us to impose sanctions on the Staffords for their frivolous appeal. We agree with the government that the Staffords' pro se appeal is baseless, but we are reluctant to conclude that the Staffords have litigated this appeal in the bad-faith manner that we have previously found justifies sanctions. See, e.g., Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997). This opinion, however, should serve as a warning to the Staffords. We note that the Staffords have long had problems with the I.R.S. If they continue to pursue meritless, frivolous claims in this court, we will not hesitate in later cases to sanction them for their conduct. The Staffords benefit today from our tolerance for pro se litigants; they are advised not to press the limits of our patience in the future.

AFFIRMED.