T.C. Summary Opinion 2001-84


UNITED STATES TAX COURT


ELMER P. SCHECKEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6405-00S.                    Filed June 13, 2001.


Elmer P. Scheckel, pro se.

<u>Lisa K. Hartnett</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.[1]  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1] Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 1996
and 1997, the taxable years in issue, and all Rule references are
to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's income taxes and additions to tax for the years and in the amounts as follows:

| | | Additions to tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 1996 | $2,366 | $591.50 | [1] | $125.93 |
| 1997 | 2,546 | 636.50 | [1] | 136.19 |

[1]Cannot be computed until the date of payment.

The issues for decision are as follows:

(1) Whether petitioner is liable for the deficiencies in income taxes and additions to tax as determined by respondent in the notice of deficiency. We hold that he is.

(2) Whether petitioner is liable for a penalty under section 6673(a)(1). We hold that he is.

Background

None of the facts have been stipulated.

Petitioner resided in the State of Iowa at the time that his petition was filed with the Court.

During 1996 and 1997, the taxable years in issue, petitioner was employed by Transco Railroad Products, Inc. (Transco) and received compensation in exchange for services rendered. Utilizing Form W-2, Wage and Tax Statement, Transco reported compensation paid to petitioner for the years in issue as follows:

| Year | Amount |
|---|---|
| 1996 | $22,338 |
| 1997 | 23,749 |

During 1996 and 1997, petitioner maintained an account with Maynard Savings Bank (Maynard). Utilizing Form 1099, Maynard reported the payment of interest to petitioner for the years in issue as follows:

| Year | Amount |
|------|--------|
| 1996 | $5 |
| 1997 | 30 |

Petitioner was unmarried throughout 1996. Petitioner married in April 1997 and remained married for the balance of that year.

Petitioner did not file a Federal income tax return for either 1996 or 1997. Petitioner had no prepayments of tax, either through withholding or the making of estimated quarterly tax payments during the course of the taxable year, for either 1996 or 1997.

In or about September 1999, respondent prepared returns for petitioner for 1996 and 1997 pursuant to the authority granted respondent in section 6020(b).

On March 17, 2000, respondent mailed a notice of deficiency to petitioner determining the deficiencies in income taxes and the additions to tax that are in issue herein. See sec. 6212(a). The deficiencies are based on respondent's determination that petitioner failed to report compensation from Transco and interest from Maynard in the amounts reported by the payors. In computing the deficiencies, respondent utilized the tax table

pertaining to unmarried (single) individuals and allowed petitioner one personal exemption and the applicable standard deduction.

The additions to tax under section 6651(a)(1) are based on respondent's determination that petitioner's failure to file for 1996 and 1997 was not due to reasonable cause. The additions to tax under section 6651(a)(2) are based on respondent's determination that petitioner's failure to pay his tax liability for 1996 and 1997 was not due to reasonable cause. Finally, the additions to tax under section 6654(a) are based on respondent's determination that petitioner failed to pay the requisite amount of estimated taxes for 1996 and 1997.

On June 8, 2000, petitioner timely filed a petition for redetermination. See sec. 6213(a).

Discussion

At trial, petitioner stated that he did not dispute any of the income amounts determined by respondent in the notice of deficiency.[2] Rather, petitioner took the position that "The income items are irrelevant." In addition, petitioner alleged that the Government has shown him nothing that "connects me with

_____

[2] Indeed, in the petition, petitioner did not set forth any assignments of error nor any statements of fact. See Rule 34(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); see also Rule 34(b)(5); cf. Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997); White v. Commissioner, T.C. Memo. 1997-459.

the Internal Revenue Code."  Notwithstanding the Court's effort
to explain pertinent provisions of the Code, specifically
including sections 1 and 6673, petitioner persisted in advancing
what may only be described as tax protester arguments.

A.  Petitioner's Income Tax Liabilities

Section 1 of the Internal Revenue Code imposes a tax on the
taxable income of individuals.  Section 63(b) defines "taxable
income", as applicable to petitioner's situation, as gross income
less the standard deduction and one personal exemption.  Section
61(a)(1), (4) defines gross income to mean "all income from
whatever source derived, including * * * Compensation for
services * * * [and] Interest".

As detailed above, petitioner received gross income in the
form of wages and interest income for the years in issue in the
following amounts:

|  | 1996 | 1997 |
|---|---|---|
| Compensation | $22,338 | $23,749 |
| Interest income | 5 | 30 |
| Gross income | 22,343 | 23,779 |

Petitioner's taxable income for the years in issue is as
follows:

|  | 1996 | 1997 |
|---|---|---|
| Gross Income | $22,343 | $23,779 |
| less: |  |  |
| Personal exemption | -2,550 | -2,650 |
| Standard deduction | -4,000 | -4,150 |
| Taxable income | 15,793 | 16,979 |

Pursuant to section 1(c) for 1996 and section 1(d) for 1997, as well as the tax tables mandated by section 3(a), (c), petitioner's tax liabilities for the years in issue are as follows:

| 1996 | 1997 |
|------|------|
| $2,366 | $2,546 |

In view of the fact that petitioner did not file income tax returns for the years in issue, petitioner's tax liabilities for those years constitute deficiencies in income taxes. See sec. 6211(a). Accordingly, we hold that petitioner is liable for the deficiencies in income taxes as determined by respondent in the notice of deficiency.[3]

B. Addition to Tax For Failure To File

As applicable to petitioner, section 6012(a)(1)(A)(i) requires that an income tax return be filed by every individual who has gross income equal to, or greater than, the sum of the standard deduction and one personal exemption. For an individual who is a calendar-year taxpayer, the return is due on or before the 15th day of April following the close of the taxable year.

---

[3] Because petitioner was married in 1997, see sec. 7703(a)(1), respondent should have utilized the tax table applicable to married individuals filing separately and the standard deduction applicable to that filing status. As a consequence, respondent's deficiency determination for 1997 was understated. However, respondent has not asserted any claim for an increased deficiency. See sec. 6214(a). Accordingly, we lack jurisdiction to redetermine the correct amount of the deficiency. See id.

See sec. 6072(a).

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return.[4]  The addition to tax may be avoided if the failure to file is due to reasonable cause and not due to willful neglect.  "Reasonable cause" contemplates that the taxpayer exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time.  United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  "Willful neglect" means a conscious, intentional failure or reckless indifference.  United States v. Boyle, supra at 245.

In the present case, petitioner failed to file income tax returns for the years in issue.  Petitioner's professed belief that he is not a taxpayer within the scope of the Internal Revenue Code does not, as a matter of law, constitute reasonable cause for petitioner's failure to file.  See Rowlee v. Commissioner, 80 T.C. 1111, 1120 (1983) (rejecting taxpayer's claim that taxpayer is not a "person liable" for tax); Ebert v. Commissioner, T.C. Memo. 1991-629 (rejecting taxpayer's assertion that there is no section of the Internal Revenue Code that makes taxpayer liable for the taxes claimed), affd. without published

---

[4]  Sec. 6651(g)(1) provides that in the case of any return made by the Commissioner under sec. 6020(b), such return shall be disregarded for purposes of determining the amount of the addition to tax under sec. 6651(a)(1).

opinion 986 F.2d 1427 (10th Cir. 1993).

In view of the foregoing, we hold that petitioner is liable for the additions to tax under section 6651(a)(1) as determined by respondent in the notice of deficiency.

C.  Addition to Tax for Failure To Pay

As applicable to petitioner, section 6151(a) provides that a taxpayer who is required to file a return shall pay the tax shown on the return at the time fixed for filing the return (determined without regard to any extension of time for filing the return). As previously discussed, for an individual who is a calendar-year taxpayer, the return is due on or before the 15th day of April following the close of the taxable year.

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on a return on or before the date prescribed for payment of such tax.[5]  The addition to tax may be avoided if the failure to pay is due to reasonable cause and not due to willful neglect.  "Reasonable cause" contemplates that the taxpayer exercised ordinary business care and prudence in providing for payment of the taxpayer's tax liability and was nonetheless unable to pay the tax or would suffer an undue hardship if the tax was paid within the prescribed time.  Sec.

---

[5]  Sec. 6651(g)(2) provides that the in the case of any return made by the Commissioner under sec. 6020(b), such return shall be treated as the return filed by the taxpayer for purposes of determining the amount of the addition to tax under sec. 6651(a)(2).

301.6651-1(c)(1), Proced. & Admin. Regs.  "Willful neglect" means a conscious, intentional failure or reckless indifference. <u>United States v. Boyle</u>, <u>supra</u> at 245.

In the present case, petitioner failed to pay his tax liability for either 1996 or 1997.  Petitioner's professed belief that he is not a taxpayer within the scope of the Internal Revenue Code does not, as a matter of law, constitute reasonable cause for petitioner's failure to pay his tax liabilities.  See <u>Rowlee v. Commissioner</u>, <u>supra</u>; <u>Ebert v. Commissioner</u>, <u>supra</u>.

In view of the foregoing, we hold that petitioner is liable for the additions to tax under section 6651(a)(2) as determined by respondent in the notice of deficiency.

D.  <u>Addition to Tax for Failure To Pay Estimated Tax</u>

Section 6654 imposes an addition to tax for failure to pay estimated tax.  As applicable herein, imposition of the addition is mandatory whenever prepayments of tax, either through withholding or the making of estimated quarterly tax payments, do not equal the percentage of total liability required under the statute.  See sec. 6654(a); <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 222 (1992); <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21 (1980).  Thus, in the present case, we need not address any issue relating to reasonable cause and lack of willful neglect;

extenuating circumstances are simply irrelevant.[6] See <u>Estate of Ruben v. Commissioner</u>, 33 T.C. 1071, 1072 (1960); see also <u>Grosshandler v. Commissioner</u>, <u>supra</u> at 21.

In view of the foregoing, we hold that petitioner is liable for the additions to tax under section 6654 as determined by respondent in the notice of deficiency.

E.  <u>Penalty Under Section 6673</u>

At trial, respondent orally moved for the imposition of a penalty against petitioner pursuant to section 6673.

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income taxes or the additions to tax determined by respondent in the notice of deficiency.  See <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986).  Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse his own misguided views.

---

[6] We should not be understood to imply that petitioner had reasonable cause or that there were any extenuating circumstances relating to petitioner's failure to pay estimated tax.

<u>Coleman v. Commissioner</u>, <u>supra</u>.

Petitioner's position, at trial, consisted solely of tax protester rhetoric. Based on well-established law, petitioner's position is frivolous and groundless. See <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.").

We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies may have been delayed.

At trial, the Court acquainted petitioner with the pertinent provisions of section 6673. Nevertheless, petitioner persisted with his protest agenda.

In view of the foregoing, we will grant respondent's oral motion and require petitioner to pay a penalty to the United States in the amount of $500 pursuant to the provisions of section 6673(a)(1). See <u>Coleman v. Commissioner</u>, <u>supra</u> at 71-72; <u>Crain v. Commissioner</u>, <u>supra</u> at 1417-1418.

Conclusion

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to the foregoing,

<u>An order granting respondent's oral motion and entering decision for respondent will be entered</u>.