T.C. Memo. 2002-102


UNITED STATES TAX COURT


WILLIAM A. WHEELIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4033-01.                    Filed April 16, 2002.


William A. Wheelis, pro se.

<u>Rachael J. Zepeda</u>, for respondent.


MEMORANDUM OPINION


COHEN, <u>Judge</u>:  Respondent determined deficiencies of
$20,000.60 and $15,230 in petitioner's Federal income taxes for
1995 and 1996, respectively.  Respondent also determined
additions to tax for failure to file tax returns under section
6651 and for failure to pay estimated taxes under section 6654(a)
for both years.  The only bona fide issue for decision is whether

a penalty should be imposed against petitioner under section 6673(a)(1).

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The facts in this case have been deemed stipulated pursuant to Rule 91(f). Petitioner was a resident of Morristown, Arizona, at the time that the petition in this case was filed.

During 1995, petitioner received interest income totaling $48 and an Arizona tax refund of $755. He received a distribution of $13,586 from an individual retirement account. Petitioner's age did not exceed 59-1/2 at the time of the distribution.

During 1995 and 1996, petitioner was employed by Arizona Public Service Co. He received compensation of $64,090.49 in 1995 and $68,123 in 1996 from Arizona Public Service Co. The Arizona Public Service Co. withheld $4,088.67 from petitioner's wages in 1995 and $5,649.98 from petitioner's wages in 1996.

Petitioner submitted to the Internal Revenue Service documents purporting to be 1995 and 1996 Federal income tax returns. Those documents reported petitioner's compensation earned in each year and then deducted the equivalent amount as

"Property (money) exchanged for property (labor not subject to tax)". By those documents, petitioner sought refunds of income, Social Security, and Medicare taxes withheld from his wages. The documents set forth various frivolous arguments.

On June 26, 1998, petitioner filed a complaint in the U.S. District Court for the District of Arizona seeking refunds of withheld taxes. On August 2, 1999, the District Court granted a motion by the United States for summary judgment. In its order, the District Court held that petitioner's arguments were without merit. The Court of Appeals for the Ninth Circuit affirmed the District Court's order on July 26, 2000.

In the amended petition filed in this case on May 29, 2001, petitioner alleged that he "did not receive any income from any taxable source as alleged in the Notices of Deficiency." Petitioner designated Phoenix, Arizona, as the place of trial.

By notice served August 24, 2001, this case was set for trial in Phoenix, Arizona, on January 28, 2002. Attached to the Notice Setting Case For Trial was a Standing Pre-Trial Order that provided, among other things:

> ORDERED that all facts shall be stipulated to the maximum extent possible. All documentary and written evidence shall be marked and stipulated in accordance with Rule 91(b), unless the evidence is to be used to impeach the credibility of a witness. Objections may be preserved in the stipulation. If a complete stipulation of facts is not ready for submission at trial, and if the Court determines that this is the result of either party's failure to fully cooperate in the preparation thereof, the Court may order sanctions

against the uncooperative party. Any documents or materials which a party expects to utilize in the event of trial (except for impeachment), but which are not stipulated, shall be identified in writing and exchanged by the parties at least 15 days before the first day of the trial session. The Court may refuse to receive in evidence any document or material not so stipulated or exchanged, unless otherwise agreed by the parties or allowed by the Court for good cause shown.
* * *

On December 13, 2001, respondent's Motion to Show Cause Why Proposed Facts and Evidence Should Not be Accepted as Established was filed. Attached to respondent's motion was a letter from petitioner in which he refused to stipulate "to any fact or authenticate any document related to proving the receipt of the income." The Court's order to show cause was issued pursuant to Rule 91(f). Petitioner's response to the order to show cause consisted of arguments about his Fifth Amendment privilege, and he showed neither reasonable fear of incrimination nor reasonable doubt as to the accuracy of the proposed stipulations. The Court's order to show cause was made absolute.

When the case was called for trial, petitioner declined to testify. He stated that "As I understand it, the burden of proof is on the Government to prove that I had taxable income. I see no reason for me to testify. I did not stipulate to the facts for that very reason". Respondent filed a Motion for Damages Under I.R.C. Sec. 6673(a)(1).

## Discussion

The stipulation proposed by respondent, the motion for order to show cause, the order to show cause, and the order deeming facts stipulated for purposes of this case were all consistent with Rule 91. The statements made in the stipulation and the documents attached to it were all matters "which fairly should not be in dispute." Rule 91(a). Petitioner did not raise at any time a dispute as to the factual accuracy of the stipulation. His objections relate solely to his erroneous theory about respondent's burden of proof and his Fifth Amendment privilege.

Petitioner's assertion that respondent has the burden of proof is not a sufficient objection to a proposed stipulation. Rule 91(a) specifically states that "The requirement of stipulation applies under this Rule without regard to where the burden of proof may lie with respect to the matters involved." See, e.g., Console v. Commissioner, T.C. Memo. 2001-232.

Petitioner's argument that Rule 91(f) could not be applied without violating his Fifth Amendment privilege must be rejected. The phrase that comes readily to mind was first used by the U.S. Supreme Court in United States v. Sullivan, 274 U.S. 259, 264 (1927), to wit, a taxpayer may not "draw a conjurer's circle around the whole matter" of his or her tax liability. See also Steinbrecher v. Commissioner, 712 F.2d 195, 198 (5th Cir. 1983), affg. T.C. Memo. 1983-12; McCoy v. Commissioner, 696 F.2d 1234

(9th Cir. 1983), affg. 76 T.C. 1027 (1981); Edwards v. Commissioner, 680 F.2d 1268 (9th Cir. 1982); United States v. Carlson, 617 F.2d 518, 523 (9th Cir. 1980). In a civil tax case, the taxpayer must accept the consequences of asserting the Fifth Amendment and cannot avoid the burden of proof by claiming the privilege and attempting to convert "the shield * * * which it was intended to be into a sword". United States v. Rylander, 460 U.S. 752, 758 (1983); see Steinbrecher v. Commissioner, supra; Traficant v. Commissioner, 89 T.C. 501 (1987), affd. 884 F.2d 258 (6th Cir. 1989).

Petitioner also contends that respondent erroneously relied on third-party information to determine that he had unreported income for the years in issue. He has not, however, raised any bona fide dispute as to the amounts reported on the third-party documents. The only dispute that petitioner raised with respect to the amounts of compensation is his frivolous arguments that his wages are not taxable. Those arguments, as petitioner was advised in the District Court order, citing United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986), have been consistently and thoroughly rejected and may be the basis for sanctions. See also Rowlee v. Commissioner, 80 T.C. 1111, 1119-1122 (1983). In these circumstances, respondent was entitled to rely on the third-party information. See Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997); see also sec. 6201(d). In any

event, the facts and documents that were deemed stipulated establish petitioner's receipt of taxable income. Petitioner had the burden of identifying and proving any deductions to which he might be entitled. See, e.g., Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. T.C. Memo. 1972-133. He failed to do so and has not shown that respondent's determination is in any way erroneous. Because he failed to present any credible evidence, he is not entitled to have the burden of proof shifted under section 7491(a).

The stipulated facts also satisfy respondent's burden of production with respect to the penalties in issue. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-449 (2001). Respondent, however, recomputed the addition to tax under section 6654 for 1995 and concedes that that amount should be reduced from the $838.17 determined in the statutory notice to $251.05.

Section 6673(a)(1) provides:

SEC. 6673. SANCTIONS AND COSTS AWARDED BY COURTS.

(a) Tax Court Proceedings.--

(1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

(B) the taxpayer's position in such proceeding is frivolous or groundless, or

    (C) the taxpayer unreasonably failed to
   pursue available administrative remedies,

   the Tax Court, in its decision, may require the
   taxpayer to pay to the United States a penalty not
   in excess of $25,000.

Petitioner had actual notice by the District Court order and in this case that his arguments that his wages were not taxable income were without merit. The various arguments that he made in this case have been long discredited and patently were asserted for purposes of delay. We conclude that a penalty under section 6673(a) should be awarded to the United States in the amount of $10,000.

To reflect the foregoing,

      <u>An appropriate order and</u>

      <u>decision will be entered</u>.