T.C. Memo. 2005-111

UNITED STATES TAX COURT

C. WAYNE LEWIS, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7211-04.                    Filed May 17, 2005.

C. Wayne Lewis, Jr., pro se.

<u>Randolph J. Buchanan</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By notices dated January 21, 2004, respondent determined deficiencies in and additions to petitioner's 1998, 2000, and 2001 Federal income taxes.  The issues for decision are whether petitioner received unreported income and is liable for sections 6651(a)(1)[1] and 6654(a) additions to tax.

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and
(continued...)

FINDINGS OF FACT

In 1998, petitioner provided services to Highway Master Corp. (HMC) and Saunders-Ream Advertising & Marketing (SRAM). HMC and SRAM paid petitioner $3,920 and $3,140, respectively, and issued him Forms 1099-MISC, Miscellaneous Income, reflecting such compensation. In that same year, Salomon Smith Barney Inc. (SSB) paid petitioner $235 of dividends and issued him a Form 1099-DIV, Dividends and Distributions, reflecting such dividends.

In 2000, petitioner was employed by Vu Ryte, Inc. (VRI). VRI paid petitioner $34,818 and issued him a Form W-2, Wage and Tax Statement, reflecting this amount and $3,100 of Federal income tax withheld.

In 2001, petitioner continued employment with VRI, received a distribution from VRI's retirement plan with Merrill Lynch (ML), and was involved in real estate sales with Hexter-Fair Title Co. (HFTC) and Community Title (CT). VRI paid petitioner $36,332 and issued him a Form W-2 reflecting this amount and $3,312 of Federal income tax withheld. HFTC and CT paid petitioner $160,500 and $50,000, respectively, and issued him Forms 1099-S, Proceeds From Real Estate Transactions, reflecting such proceeds. ML distributed $6,174 to petitioner from his VRI retirement plan and issued him a Form 1099-R, Distributions From

---

[1](...continued)
all Rule references are to the Tax Court Rules of Practice and Procedure.

Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reflecting such distribution.

On January 21, 2004, respondent issued petitioner notices of deficiency relating to 1998, 2000, and 2001. In the notices, respondent determined that petitioner received unreported income, did not file Federal income tax returns relating to those years, and did not pay sufficient estimated taxes relating to 2001. On April 30, 2004, petitioner filed his petition, and on June 15, 2004, respondent filed his answer.

Petitioner resided in Tyler, Texas, at the time he filed his petition.

## OPINION

Generally, a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is erroneous. Welch v. Helvering, 290 U.S. 111, 115 (1933). The Court of Appeals for the Fifth Circuit, where an appeal would lie, has recognized, however, that "a court need not give effect to the presumption of correctness in a case involving unreported income if the Commissioner cannot present some predicate evidence supporting its determination." Portillo v. Commissioner, 932 F.2d 1128, 1133 (5th Cir. 1991), affg. in part and revg. and remanding in part T.C. Memo. 1990-68.

Petitioner raises numerous meritless contentions; concedes that he provided services to HMC, SRAM, and VRI; and does not

dispute that he received the amounts reflected in the third-party payment reports (e.g., Form W-2 and Form 1099-MISC). Thus, respondent has sufficiently connected petitioner to the underlying activities relating to the unreported income. Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997)(when the taxpayer does not dispute the receipt of unreported income, respondent "has no duty to investigate a third-party payment report"). As a result, respondent's determinations are presumed correct, and petitioner bears the burden of proof. Petitioner, however, failed to present any credible evidence to counter respondent's determinations.[2] Accordingly, we sustain the deficiencies as determined by respondent.

Respondent also determined additions to tax for failure to file tax returns, pursuant to section 6651(a)(1), and pay estimated income tax, pursuant to section 6654(a). Respondent, pursuant to section 7491(c), has met his burden of production relating to both additions to tax. He established that petitioner failed to file his 1998, 2000, and 2001 tax returns and pay his 2001 estimated taxes. Niedringhaus v. Commissioner, 99 T.C. 202, 220-223 (1992). Petitioner's failure to file was not due to reasonable cause, and he does not meet any of the exceptions to section 6654(a). Accordingly, we sustain the

_____

[2] Sec. 7491(a) is inapplicable because petitioner failed to introduce credible evidence within the meaning of sec. 7491(a)(1).

additions to tax as determined by respondent.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.