MARTIN G. NITSCHKE, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nitschke v. Comm'r
Docket No. 13265-14 L.
United States Tax Court
2015 U.S. Tax Ct. LEXIS 54; June 11, 2015, Decided
Nitschke v. Comm'r, 559 U.S. 940, 130 S. Ct. 1546, 176 L. Ed. 2d 116, 2010 U.S. LEXIS 1376 (2010)
*54 Martin G. Nitschke, Primary Petitioner, Pro se.
For Commissioner of Internal Revenue, Respondent: Karen Lynne Baker, Houston, TX.
Robert N. Armen, Special Trial Judge.
Robert N. Armen
ORDER AND DECISION
This matter is before the Court on (1) respondent's Motion For Summary Judgment, filed January 27, 2015, and (2) the supporting Declaration Of Settlement Officer Bruce Hadzega, also filed January 27, 2015. In his motion, respondent seeks to uphold a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated May 1, 2014, sustaining a proposed levy to collect petitioner's outstanding income tax liabilities for the taxable (calendar) years 2008 and 2010.[1] On March 6, 2015, petitioner filed a Response objecting to the granting of respondent's motion. On March 26, 2015, respondent filed both a Reply and the supporting Declaration Of Karen L. Baker to petitioner's Response.
By Order dated April 15, 2015, respondent's summary judgment motion was assigned to the undersigned. Thereafter, petitioner filed both a Motion To Strike respondent's *55 aforementioned Reply on April 20, 2015, and a Response To Order dated April 28, 2015, on May 28, 2015. Most recently, on June 2, 2015, the Court summarily denied petitioner's Motion To Strike.
I. Background
The facts relevant to the disposition of respondent's Motion For Summary Judgment are as follows:
Petitioner resided in the State of Texas at the time that the petition was filed with the Court.
Petitioner is a chronic nonfiler. In particular, petitioner failed to file Federal income tax returns for 2008 and 2010. As a result, using information returns filed with respondent by employers under petitioner's tax identification number, seesec. 6041, respondent prepared substitutes for return and sent petitioner a notice of deficiency for 2008 on May 9, 2011, and a notice of deficiency for 2010 on April 15, 2013. Seesecs. 6020(b), 6212.
For 2008 the notice determined a deficiency in petitioner's income tax of $19,801, together with additions to tax for failure to file, failure to pay, and failure to pay estimated tax. Seesecs. 6651(a)(1), 6651(a)(2), and 6654(a), respectively. The deficiency was based on respondent's determination that petitioner failed to report total wages of $101,168, of which $67,617 was received from Idea Integration Corporation *56 and $33,551 from Seismic Micro-Technology, Inc.[2]
For 2010 the notice determined a deficiency in petitioner's income tax of $16,949, together with additions to tax for failure to file, failure to pay, and failure to pay estimated tax. The deficiency was based on respondent's determination that petitioner failed to report total wages of $92,539, of which $60,316 was received from Seismic Micro-Technology, Inc. and $32,223 from FMC Technologies, Inc.[3]
Although both the notice of deficiency for 2008 and the notice of deficiency *57 for 2010 were sent to petitioner by certified mail addressed to him at his last known address, petitioner states that he did not receive either notice. Regardless, petitioner did not appeal to this Court by filing a petition for redetermination. Seesec. 6213(a). Accordingly, in due course respondent assessed the deficiencies and the additions to tax, seesec. 6213(c), together with statutory interest, seesec. 6601(a), and sent petitioner notice and demand for payment, see sec. 6303(a). Petitioner did not pay the amounts outstanding.
On October 23, 2013, respondent sent petitioner a Final Notice/Notice Of Intent To Levy And Notice Of Your Right To A Hearing in respect of his 2008 and 2010 tax liabilities. In response, petitioner filed Form 12153, Request For A Collection Due Process Or Equivalent Hearing. Therein, petitioner invoked the Privacy Act (5 U.S.C. sec. 552a, 88 Stat. 1896) and argued as follows:
This Petitioner's Social Security Administration (SSA) earnings records are invalid. The Internal Revenue Service maintains my invalid records on its Invalid Segment of its Individual Master File (IMF).
The Social Security Administration's (SSA) wage and tax information in the IRS Information Return Master File (IRMF) is invalid. The SSA is not able to certify *58 wage and tax information stands in compliance to Title 5 USCA 552a(e)(6). No agency shall submit information that stand timely, accurate, relevant, and complete. [Reproduced literally]
As previously stated, in determining the deficiencies in income taxes for 2008 and 2010, respondent relied on information returns filed with respondent by employers under petitioner's tax identification number and not on information furnished by the Social Security Administration.
Notably, neither in his Form 12153 nor at any time during the administrative process with respondent's Appeals Office did petitioner deny that he rendered services for compensation in either of the two years in issue for any of the corporations identified above. See Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997); White v. Commissioner, T.C. Memo. 1997-459. Nor did petitioner allege in his Form 12153 or at any time during the administrative process that he received compensation in amounts less than as determined by respondent in the notices of deficiency. Id. Further, petitioner did not deny in his Form 12153 or at any time during the administrative process that he failed to file income tax returns or that he failed to pay his income tax liabilities, nor did he ever suggest that such failures were due to what would constitute reasonable *59 cause and not willful neglect. Id.
Petitioner did not request in his Form 12153 a collection alternative, such as an installment payment agreement or an offer-in-compromise. At no time thereafter did petitioner ever express interest in a collection alternative, nor did he ever submit a Form 433-A, Collection Information Statement For Wage Earners And Self-Employed Individuals, or equivalent financial information to support a collection alternative.
On May 1, 2014, respondent issued to petitioner a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, which notice sustained the proposed levy. In response, petitioner appealed to this Court.[4]Seesec. 6330(d)(1); Rules 330-334. Remarkably, the petition, which is replete with citations to the Privacy Act, as well as pseudo-legal statements and general gibberish, does not deny that petitioner rendered services for compensation in either of the two years in issue, nor does the petition allege that petitioner received compensation in amounts less than as determined by respondent in the notices of deficiency. See Parker v. Commissioner, 117 F.3d 785; White v. Commissioner, T.C. Memo. 1997-459. Further, the petition does not deny that petitioner failed to file income tax returns or that he failed to pay his income tax liabilities, *60 nor does the petition suggest that such failures were due to what would constitute reasonable cause and not willful neglect. Id.
As previously stated, on January 27, 2015, respondent filed his Motion For Summary Judgment and supporting Declaration. Thereafter followed the filings recounted in the opening paragraphs of the preamble of this Order And Decision. Specifically, petitioner's March 6, 2015 Response to respondent's motion does nothing other than to reprise and expand on the allegations in the petition.[5] *61 And petitioner's Response To Order Dated April 28, 2015 confirms that petitioner's last known address at all relevant times was the address to which both the May 9, 2011 notice of deficiency and the April 15, 2013 notice of deficiency were sent.[6]
II. DiscussionA. Summary Judgment
Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine dispute or issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).
After review of the record in this case, the Court is satisfied that no material facts are in dispute or in issue and that respondent is entitled to decision as a matter of law.
B. Hearings Under Section 6330
In rendering an administrative determination in a collection review proceeding under section 6330, the IRS Appeals Office must verify that the requirements of all applicable laws and administrative procedures were met in processing the taxpayer's case. Sec. 6330(c)(1). The Appeals Office must also consider any legitimate *62 issue raised by the taxpayer, including offers of collection alternatives, appropriate spousal defenses, and challenges to the appropriateness of the collection action. Sec. 6330(c)(2)(A). A taxpayer may challenge the existence or amount of the underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B); Montgomery v. Commissioner122 T.C. 1 (2004).
If the taxpayer's underlying liability is properly in issue, the Court reviews the matter de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Otherwise, the Court reviews the determination for abuse of discretion. Id. An abuse of discretion occurs if the SO exercises his or her discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999). Finally, the Appeals Office must consider whether the collection action balances the need for efficient collection against the taxpayer's concern that the collection be no more intrusive than necessary. Sec. 6330(c)(3)(C).
1. Underlying Liabilities
Petitioner alleges that he did not received either the May 9, 2011 notice of deficiency or the April 15, 2013 notice of deficiency, and he thus seeks to challenge the existence of his underlying liabilities. Seesec. 6630(c)(2)(B). In so doing he invokes the Privacy Act, but seesec. 7852(e), and alleges *63 defects in respondent's system of records.
Assuming without deciding that petitioner may challenge the existence or amount of his underlying liabilities,[7] *64 the fact of the matter is that petitioner has advanced no meritorious argument. Rather, he has pursued an agenda unrelated to matters that may legitimately be placed in issue. As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). As previously stated, petitioner has at no time denied that he rendered services for compensation in 2008 and 2010, nor has he alleged that he received compensation in amounts less than as determined by respondent in the notices of deficiency. See Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997); White v. Commissioner, T.C. Memo. 1997-459. Further, petitioner has never denied that he failed to file income tax returns or that he failed to pay his income tax liabilities, nor has he ever alleged that such failures were due to what would constitute reasonable cause and not willful neglect. Id.
In contrast, the record includes a foundation supporting respondent's determinations of the deficiencies in income taxes and the additions to tax for 2008 and 2010. Accordingly, and in view of the foregoing, the Court sustains the underlying liabilities to the extent that they may be in issue under section 6330(c)(2)(B).
Next, the Court reviews respondent's determination for abuse of discretion. Goza v. Commissioner, 114 T.C. at 182. As stated above, whether an abuse of discretion has occurred depends on whether the exercise of discretion is without reasonable basis in fact or law. Freije v. Commissioner, 125 T.C. 14, 23 (2005); Ansley-Sheppard-Burgess Co. v. Commissioner, 104 T.C. 367, 371 (1995).
2. Collection Alternatives
At no time during the administrative hearing process did petitioner seek a collection alternative, such as an installment payment agreement or an offer-in-compromise. Seesec. 6330(c)(2)(A)(iii). It is not an abuse of discretion for the IRS Appeals Office to decline to consider a collection alternative when no specific proposal is ever presented to the settlement officer. See, e.g., secs. 6159, 7122; Kindred v. Commissioner, 454 F.3d 688, 697 (7th Cir. 2006); Kendricks v. Commissioner, 124 T.C. 69, 79 (2005). In any event, it is generally incumbent on the taxpayer to provide requisite financial information to support a collection alternative so that the settlement officer may evaluate the taxpayer's ability *65 to pay. E.g., Kindred v. Commissioner, 454 F.3d at 697 (7th Cir. 2006); Olsen v. United States, 414 F.3d 144, 151 (1st Cir. 2005); Murphy v. Commissioner, 125 T.C. 301, 315 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Wright v. Commissioner, T.C. Memo. 2012-24. Petitioner did not provide any financial information, nor did he ever request a collection alternative. Accordingly, the settlement officer did not abuse his discretion in not allowing a collection alternative. See, e.g., Kindred v. Commissioner, 454 F.3d at 696; Giamelli v. Commissioner, 129 T.C. 107, 115-116 (2007); Taylor v. CommissionerT.C. Memo 2009-27.
3. Verification of Procedures
It is well settled that no particular form of verification is required; that no particular document need be provided to a taxpayer at an administrative hearing conducted under section 6330; and that Forms 4340, Certificate Of Assessments, Payments, And Other Specified Matters, or other transcripts of account may be used to satisfy the requirements of section 6330(c)(1). Roberts v. Commissioner, 118 T.C. 365, 371 n. 10 (2002), aff'd, 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Lunsford v. Commissioner, 117 T.C. 183 (2001).
The record shows that the SO properly verified that the requirements of all applicable laws and administrative procedures were met in the processing of petitioner's case and that the proposed collection action balances the Government's need for the efficient collection of taxes with petitioner's concerns that such collection action be no more intrusive than necessary. In sum, the Appeals Office did not abuse its discretion in this case.
C. Penalty Under Section 6673(a)(1)
As a final matter, mention should be made of section 6673(a)(1). That section authorizes this Court to require a taxpayer *66 to pay to the United States a penalty not in excess of $25,000 whenever it appears, inter alia, that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. A penalty under section 6673(a) may be awarded in a collection action commenced pursuant to section 6330(d)(1). Pierson v. Commissioner, 115 T.C. 576 (2000).
Petitioner is no stranger to this Court, having filed a number of actions over the years, and he has previously been the recipient of a $10,000 penalty under section 6673(a)(1) in a prior collection case. See Nitschke v. Commissioner, T.C. Memo 2008-143, aff'd without published opinion, 332 Fed.Appx 173 (5th Cir. 2009), cert. denied559 U.S. 940, 130 S. Ct. 1546, 176 L. Ed. 2d 116 (2010). Also of note is a bench opinion rendered by this Court on May 21, 2014, at dkt. No. 5156-13, in which the Court (1) found that in 2009 petitioner received wage income of $98,860 from Seismic Micro-Technology, Inc. and (2) rejected arguments similar, if not identical, to those advanced by him in the instant case.
Respondent has not moved for, or otherwise requested, a penalty under section 6673(a)(1) in the instant case, and the Court shall not impose one sua sponte. However, petitioner, who has a deficiency case involving the taxable year 2011 presently pending at dkt. No. 23164-14, should take heed that the Court may not be *67 so lenient in the future if he continues to pursue an agenda that the Court has previously found to be unrelated to the merits of the Commissioner's determinations.
Accordingly, for the reasons stated, it is
ORDERED that respondent's Motion For Summary Judgment, filed January 27, 2015, is granted. It is further
ORDERED AND DECIDED that respondent may proceed with the proposed collection action (levy) in respect of petitioner's outstanding income tax liabilities for 2008 and 2010, as determined in the notice of determination dated May 1, 2014, upon which notice this case is based.
(Signed) Robert N. Armen
Special Trial Judge
Entered: JUN 11 2015
Footnotes
1. All section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Insofar as his ultimate tax liability was concerned, the notice of deficiency credited petitioner for amounts withheld from his wages of $8,280 (i.e., $5,395 by Idea Integration Corporation and $2,885 by Seismic Micro-Technology). However, we note that the determination of a statutory deficiency does not take such withheld amounts into account. Seesec. 6211(b)(1). We note further that tax withholding is indicative of employment. See generallysecs. 3401 et seq.↩
3. As before, and insofar as his ultimate tax liability was concerned, the notice of deficiency credited petitioner for amounts withheld from his wages of $6,240 (i.e., $4,596 by Seismic Micro-Technology and $1,644 by FMC Technologies). See supra↩ n. 2.
4. Oddly, the petition proceeds on the basis that respondent is seeking to "perfect[] a collection action by a Notice of Federal Tax Lien" and "to substantiate an administrative collection activity by Notice of Federal Tax Lien". However, as stated in the text above, the May 1, 2014 notice of determination sustained a proposed levy, not the filing of any tax lien.↩
5. Notably, the prayer for relief at the end of petitioner's March 6, 2015 Response again seeks to deny "the Respondent to pursue its collection activity presented as a Notice of Federal Tax Lien". See supra↩ n. 4.
6. Such address continues to be petitioner's address of record in the instant proceeding.↩
7. As previously stated, petitioner admits that the notices of deficiency were sent to him at his last known address. And respondent has demonstrated that those notices were sent by certified mail. Seesec. 6212(a)↩.