T.C. Memo. 2017-120

UNITED STATES TAX COURT

KENTON R. FLEMING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26391-14.                    Filed June 20, 2017.

Kenton R. Fleming, pro se.

<u>Christopher D. Bradley</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  Respondent determined deficiencies and additions to tax as

follows:[1]

_____

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the years in issue, and all Rule references are to the

(continued...)

[*2]

|  | | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) |
| 2010 | $7,463 | $689 | $582 |
| 2011 | 7,844 | 1,092 | 631 |

FINDINGS OF FACT

Some of the facts have been deemed stipulated under Rule 91(f). Petitioner lived in Georgia at the time he filed the petition. During 2010 and 2011 petitioner was an employee of Southern Polytechnic State University (SPSU) in Marietta, Georgia. In 2010 petitioner earned $56,078 in wages from SPSU, and in 2011 he earned $56,364. Those wages were reflected on Forms W-2, Wage and Tax Statement, and reported to respondent. Petitioner neither filed tax returns nor made payments aside from withholdings for either tax year.

Respondent filed substitutes for returns for petitioner pursuant to section 6020(b) reflecting a filing status of single and claiming standard deductions for both 2010 and 2011. Respondent then issued notices of deficiency to petitioner based on those substitutes for returns. On November 4, 2014, petitioner timely petitioned the Court for redetermination of his tax liabilities. As shown on

[1](...continued)
Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

**[*3]** respondent's transcripts for petitioner's accounts, on December 15, 2014, respondent erroneously assessed the amounts determined in the notices of deficiency for 2010 and 2011.  On March 10, 2015, respondent entered a litigation freeze (Code 520) on petitioner's accounts.  On June 1, 2015, respondent reversed the erroneous assessments and sent petitioner two corresponding Notices CP21E, one for each year, reflecting a "zero balance" for each year.

OPINION

I.  Petitioner's Tax Liabilities

Under section 61(a), gross income includes all income from whatever source derived, including wages.  The Commissioner may reconstruct a taxpayer's wages from third-party payer reports such as Forms W-2.  Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997); Andrews v. Commissioner, T.C. Memo. 1998-316; White v. Commissioner, T.C. Memo. 1997-459.  Items of gross income are includible in gross income for the taxable year in which the cash-basis taxpayer received them.  Sec. 451.

Petitioner testified that he received the wages from SPSU but offered no evidence regarding deductions or credits, even after we explained that the purpose of the trial was to redetermine his income and deductions.  His sole challenge to respondent's notices of deficiency was that respondent issued him Notices CP21E

**[\*4]** on June 1, 2015, that each showed a zero balance, and his account transcripts showed a zero balance. He argues that those documents should be presumed correct and that they establish that he owes no tax. We agree that these documents are correct but they do not prove he has no liability for 2010 or 2011. They show only that no liability has been assessed.

Under section 6212, if the IRS determines that there is a deficiency in Federal income tax (defined in section 6211(a) as the amount by which taxes owed exceeds taxes paid), then the IRS must issue a notice of deficiency to the taxpayer, as was done here. The IRS must wait 90 days to assess the tax determined to be owed in that deficiency notice (or 150 days for notices mailed to foreign addresses). Additionally, under section 6213(a) the IRS is barred from assessing a taxpayer's outstanding tax liability if the taxpayer files a petition for redetermination within that 90-day period; and the IRS will remain barred from assessing the liability while the taxpayer's case is pending before us. That is what happened here. As we explained to petitioner, the trial was to establish petitioner's liabilities. Once we determine his liabilities and enter our decision, respondent must assess those amounts. See sec. 6215(a). Assessment then will be made by recording the liabilities for the tax owed on petitioner's account transcript. See sec. 6203. On the basis of evidence offered at trial we hold that

**[*5]** petitioner's liabilities are as respondent determined in the notice of deficiency.

II.  Additions to Tax

Respondent determined that petitioner is liable for additions to tax for 2010 and 2011 under section 6651(a)(1), for failure timely to file a valid return; and section 6651(a)(2), for failure timely to pay tax shown on a return.

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure timely to file a return unless it is shown that such failure is due to reasonable cause and not willful neglect.  See United States v. Boyle, 469 U.S. 241, 245  (1985).  A failure timely to file a Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time, typically for reasons outside the taxpayer's control.  See McMahan v. Commissioner, 114 F.3d 366, 369 (2d Cir. 1997), aff'g T.C. Memo. 1995-547; sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Section 6651(a)(2) imposes an addition to tax for failure timely to pay the amount shown as tax on a return unless the failure was due to reasonable cause and not willful neglect.  A substitute for return constitutes "the return filed by the taxpayer" for purposes of determining the amount of an addition to tax under

[*6] section 6651(a)(2).  See sec. 6651(g)(1); Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008); Cabirac v. Commissioner, 120 T.C. 163, 170 (2003), aff'd without published opinion, 94 A.F.T.R. 2d 2004-5490 (3d Cir. 2004).

The Commissioner bears the burden of production with respect to a taxpayer's liability for additions to tax.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner carries the burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect or that the taxpayer had an affirmative defense, such as reasonable cause and good faith.  See Higbee v. Commissioner, 116 T.C. at 446-447.

We hold that respondent satisfied his burden of establishing that petitioner was required to file returns for 2010 and 2011 but failed to do so.  See sec. 6012(a)(1)(A) (providing that taxpayers must file returns unless their gross income does not exceed the sum of the personal exemption and the standard deduction for those years).  We also hold that petitioner failed to pay tax shown as due on valid substitutes for returns for 2010 and 2011 prepared by respondent under section 6020(b).  See  Wheeler v. Commissioner, 127 T.C. at 210 (2006).  Petitioner failed to offer any evidence of reasonable cause or raise any other challenge to these

**[*7]** additions to tax beyond his argument that the IRS records showed he had a "zero balance". Accordingly, petitioner is liable for the additions to tax under section 6651(a)(1) and (2).

III. Section 6673

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

Petitioner was warned about maintaining frivolous positions and should be familiar with the consequences as we have imposed this penalty on him in the past.[2] In several prior cases he conceded his liability rather than going to trial. We believe that he knew that the arguments in this case were frivolous. And the record before us shows that this case was delayed unnecessarily by his vexatious tactics, including his refusal to provide a working telephone number; his refusal to stipulate certain issues, requiring respondent to move for an order to show cause

---

[2] In Fleming v. Commissioner, docket No. 14357-10L, by Order and Decision entered March 16, 2012, this Court granted respondent's Motion for Summary Judgment and to Impose a Penalty Under Sec. 6673 and imposed a penalty of $1,500 against petitioner.

**[*8]** why certain proposed facts and evidence should not be established pursuant to Rule 91(f); and his repeated protestations at trial that no one had explained the erroneous assessment to him, even though it was explained in connection with respondent's motion for summary judgment. Nonetheless, petitioner did respond to these motions, and on the basis of those responses we denied respondent's motions in part. We therefore are constrained not to impose a penalty at this time but again warn him that his arguments and tactics--including tactics that seem intended primarily to delay--may result in further and greater penalties in the future should he persist in making them.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.