

# United States Tax Court
Washington, DC 20217

ANDREW ETHAN MACTAGGART,

Petitioner

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent

Docket No. 6465-21.

## ORDER

Pursuant to Rule 152(b), Tax Court Rules of Practice and Procedure, it is

ORDERED that the Clerk of the Court shall transmit herewith to petitioner and to respondent a copy of the pages of the transcript of the trial in the above case before Judge Joseph Robert Goeke containing his oral findings of fact and opinion rendered at the Houston, Texas trial session at which this case was heard.

In accordance with the oral findings of fact and opinion, a decision will be entered for respondent as to the deficiency in income tax and for petitioner as to the penalty pursuant to I.R.C. section 6662(a).

**(Signed) Joseph Robert Goeke**
**Judge**

**Served 05/11/22**

Bench Opinion by Judge Joseph Robert Goeke

April 27, 2022

Andrew Ethan MacTaggart v. Commissioner of

Docket No. 6465-21

THE COURT:  The Court has decided to render the following as it's oral findings of fact and opinion in this case.  This bench opinion is made pursuant to the authority granted by section 7459(b) of the Internal Revenue Code and Tax Court Rule 152.  And it shall not be relied upon as precedent in any other case.

Rule references in this opinion are to the Tax Court Rules of Practice and Procedure, and section references are to the Internal Revenue Code, as amended, and in effect at all relevant times.

The IRS issued a notice of deficiency asserting an increase in petitioner's income tax and the section 6662(a) penalty.  Respondent has conceded the penalty, but the deficiency of $23,624 for 2017 remains in dispute. This Court has jurisdiction under section 6213(a) because petitioner timely petitioned this Court after the notice of deficiency was issued.  On the evidence before us, and using the burden of proof principles explained below, the Court finds facts as follows:

Petitioner resided in Texas at the time he filed the petition in this case.  The record of trial consists

of three exhibits and petitioner's testimony. Petitioner provided services for Valspar Inc. for which he was paid $119,838 in 2017. The amended return petitioner filed for 2017 is in the record and it confirms his testimony that he received $119,838 for Valspar. In the amended return petitioner asserts the $119,838 was not taxable income. The amended return also seeks a refund of all the income tax withheld by Valspar from petitioner's wages in 2017.

Petitioner's amended return notes he changed the W-2 he originally received from Valspar to reflect his position regarding the non-taxability of the amounts he was paid by Valspar. Turning to the legal analysis and opinion in this case, we first note that petitioner's position is a discredited argument which is inconsistent with section 61(a)(1). The introduction of section 61(a) reads as follows. "Except as otherwise provided in this subtitle gross income means all income from whatever source derived, including (but not limited to) the following items:" Subsection (1) of section 61(a) provides as follows. "Compensation for services including fees, commissions, fringe benefits and similar items."

Respondent's determination is generally presumed correct in deficiency cases and the taxpayer has the burden of proof. Tax Court Rule 142(a), and Welch v. Helvering, 290 U.S. 111 (1933). The burden of proof may

JG

shift to respondent as to certain factual issues which a taxpayer presents credible evidence in support of it. Section 7491(a). In the present case petitioner has not presented any such evidence, and the burden of proof is not shifted under section 7491(a).

In cases asserting the failure to report income the Court of Appeals for the Fifth Circuit, where an appeal in this case would ordinarily lie, has held that the IRS must establish a factual foundation to support that the taxpayer engaged in the income producing activity. The Court of Appeals has held that such evidence is necessary before the burden of proof would shift to the taxpayer to establish that the income is not taxable. Here petitioner's testimony and the amended return, which is an exhibit in the record, meet the requirements of the factual foundation. Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997). In Bindel v. Commissioner, T.C. Memo. 2022-39, the tax court recently dismissed arguments very similar to the arguments petitioner is making in the present case regarding the non-taxability of income. Bindel contains a quote from Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). This quote fits the present case very well, "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest

that these arguments have some colorable merit."
Petitioner's arguments clearly merit that analysis and we
will make no further discussion of those.

We appreciate the fact that ultimately
petitioner was willing to admit that he actually received
$119,838 for services in 2017. We advised the petitioner
that should he continue to pursue frivolous arguments
about the taxability of such income, he might face
sanctions. Based upon the record of trial and our
analysis of the law that clearly applies to petitioner's
situation, a decision will be entered on the deficiency in
income tax for respondent. And because of respondent's
concession, a decision will be entered for the petitioner
relative to the addition to tax under section 6662(a).

This concludes the Court's oral findings of fact
and opinion in this case.

(Whereupon, at 9:55 a.m., the above-entitled
matter was concluded.)